IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| _____ | § | Jointly Administered |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

**ANNA WILLIAMS'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND,
SUBJECT TO THAT MOTION AND HER MOTION TO WITHDRAW THE
REFERENCE, ANSWER TO ADVERSARY COMPLAINT**

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

Subject to her motion to withdraw the reference, Anna Williams (Williams) moves

to dismiss the claims asserted by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415

Shadywood, LLC (Debtors or Plaintiffs) under Rule 12(b)(6) of the Federal Rules of Civil

Procedure and, subject to that motion, files this answer to the Adversary Complaint.

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Williams moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to seek relief from her.

## ANSWER TO ADVERSARY COMPLAINT

1.      Williams admits that this is an adversary proceeding as alleged in paragraph 1 of the Complaint. Williams denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      Williams admits that these bankruptcy cases are jointly administered as alleged in paragraph 2 of the Complaint.

3.      Williams denies the allegations contained in paragraph 3 of the Complaint.

4.      Williams denies the allegations contained in paragraph 4 of the Complaint.

5.      Regarding paragraph 5 of the Complaint with respect to Federal Rule of Bankruptcy Procedure 7008, Williams does not consent to the entry of a final order or judgment by the Bankruptcy Court in this matter.

6.      Williams denies the allegations contained in paragraph 6 of the Complaint. For further answer, Williams does not consent to the entry of a final order or judgment by the Bankruptcy Court in this matter.

7.      Williams denies the allegations contained in paragraph 7 of the Complaint.

8.      Williams admits the allegations contained in paragraph 8 of the Complaint.

9.      Williams admits the allegations contained in paragraph 9 of the Complaint.

10.      Williams admits the allegations contained in paragraph 10 of the

Complaint.

11.     Williams admits the allegations contained in paragraph 11 of the Complaint.

12.     Williams admits the allegations contained in paragraph 12 of the Complaint.

13.     Williams denies the allegations contained in the first sentence of paragraph 13 of the Complaint. For further answer, Williams responds that each individual debtor was in the business of investing, contracting for services and ultimately dividing profits with CD Homes, LLC. Williams is without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of the Complaint; therefore, for pleading purposes, they are denied.

14.     Williams admits that CD Homes, LLC is a home construction company, that Williams is the owner of CD Homes and that William's husband, Robert Parker, is a consultant for CD Homes as alleged in paragraph 14 of the Complaint. Williams denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     Williams denies the allegations contained in paragraph 15 of the Complaint as worded. For further answer, Williams responds that Charles Foster, through numerous entities, began doing business with CD Homes and that Robert Parker, a consultant for CD Homes, was the representative of CD Homes with whom Foster dealt.

16.     Williams admits the allegations contained in paragraph 16 of the

Complaint.

17.     Williams admits that the allegations contained in paragraph 17 of the Complaint reflect the original intention and agreement of the parties with respect to the construction and financing of the projects. However, by action and agreement of the parties, the precepts of these two agreements were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 17 of the Complaint.

18.     Williams admits that the allegations contained in paragraph 18 of the Complaint reflect the original intention and agreement of the parties with respect to the initial acquisition and equity for the projects. However, by action and agreement of the parties, the precepts of these two agreements were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 18 of the Complaint.

19.     Williams admits that the allegations contained in paragraph 19 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to provide any funds in excess of the construction and equity loan for each project. However, by action and agreement of the parties, the precepts of these two agreements were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 19 of the Complaint.

20.     Williams admits that the allegations contained in paragraph 20 of the

Complaint reflect the original intention and agreement of the parties with respect to the distribution of net proceeds at closing after each project is sold. However, by action and agreement of the parties, the precepts of these two agreements were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 20 of the Complaint.

21.     Williams admits that the allegations contained in paragraph 21 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to provide any funds in excess of the construction and equity loan for each project and a $50,000 payment to the respective Debtor upon the sale of each project. However, by action and agreement of the parties, the precepts of these two agreements were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 21 of the Complaint.

22.     Williams denies the allegations contained in paragraph 22 of the Complaint.

23.     Williams denies the allegations contained in paragraph 23 of the Complaint as worded. For further answer, Williams responds that each Investor Agreement provided a construction commencement date and further provided that contractor would substantially complete the work on or before twelve months from such date, "with allowance for delays due to circumstances beyond its control including strikes, casualty, weather or materials unavailability." In late 2014 and into 2015, the price of oil collapsed and Charles Foster became increasingly involved in the project activities. At Foster's

insistence, commencement of construction on the projects was delayed beyond the twelve-month construction period while Foster awaited a market recovery. The resulting construction delay caused substantial additional carrying costs to the projects including property taxes, insurance, and accrued interest. Damages arising from the construction delays and poor decisions and erroneous instructions given by Foster proximately resulted from Foster's mandate that CD Homes delay the start of construction until his express authorization. The proofs of claim filed by CD Homes in Debtors' chapter 11 proceeding include damages arising from the construction delay of the projects at Foster's demand. As the party responsible for construction delay, Foster and his respective debtor entities are responsible for any costs associated with such delay.

24.     Williams admits the allegations contained in paragraph 24 of the Complaint.

25.     Williams denies the allegations contained in the first sentence of paragraph 25 of the Complaint. Williams admits that CD Homes commenced new construction on Looscan with the approval of Charles Foster. Williams is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 25 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

26.     Williams denies the allegations contained in paragraph 26 of the Complaint.

27.     Williams denies the allegations contained in paragraph 27 of the Complaint.

28.     Williams admits the allegations contained in paragraph 28 of the

Complaint. For further answer, Williams responds that the third-party loans obtained by CD Homes were at the specific request of and with the consent of Charles Foster and the respective Plaintiffs.

29.    Williams admits the allegations contained in Paragraph 29 of the Complaint that Houtex entered into loans with Spirit of Texas Bank, Spirit of Texas line of credit, and Great Southwest Financial Corp., and that Debtors obtained financing from Pensco Trust, Jim Nored, and Hmaidan & Hmaidan. For further answer, Williams responds that the third-party loans obtained by CD Homes resulted from the specific request of and with the consent of Charles Foster and the respective Plaintiffs. For further answer, Williams responds that Charles Foster failed to meet his contractual obligations to guarantee the equity loans for each project. Williams is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 29 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

30.    Williams denies the allegations contained in the second sentence of Paragraph 30 of the Complaint. For further answer, Williams responds that by action and agreement of the parties, the precepts of the parties' original agreements were modified, Charles Foster removed CD Homes's authority to take draws from the construction loans, and Foster assumed complete control over all activities pertaining to the projects. Williams is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 30 of the Complaint. Therefore, for pleading purposes,

those allegations are denied.

31.     Williams admits that the allegations contained in paragraph 31 of the Complaint reflect the original intention and agreement of the parties with respect to the distribution of net proceeds of each project at closing and the obligation of CD Homes to provide funds necessary to make up for cash shortfall at closing. However, by action and agreement of the parties, the precepts of the agreements were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 31 of the Complaint.

32.     Williams admits the allegations contained in paragraph 32 of the Complaint that the Looscan Project closed on or around January 4, 2019 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. For further answer, Williams responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

33.     Williams admits the allegations contained in paragraph 33 of the Complaint that the Shadywood Project closed on or around January 14, 2019 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the

parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. For further answer, Williams responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

34.     Williams admits the allegations contained in paragraph 34 of the Complaint that the Thornblade Project closed on or around December 11, 2018 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. For further answer, Williams responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

35.     Williams admits the allegations contained in paragraph 35 of the Complaint that the Lynbrook Project closed on or around December 5, 2019 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. For further answer, Williams responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

36.    Williams admits the allegation contained in paragraph 36 of the Complaint that Anna Williams owns 100% of the member interests in CD Homes. Williams denies the remaining allegations contained in paragraph 36 of the Complaint.

37.    Williams admits the allegations contained in paragraph 37 of the Complaint. For further answer, Williams responds that the non-dischargeable default judgment entered against Robert F. Parker resulted from Parker's inability to retain counsel to appear and defend him from the allegations asserted by Finger Interests Number One, Ltd.

38.    Williams denies the allegations contained in paragraph 38 of the Complaint. For further response, Williams answers that with respect to the litigation under Cause Number 2015-43968 initiated by NMRO Holdings, LLC against CD Homes and Anna Williams in the 157th Judicial District Court of Harris County, and the appeal thereof, both courts made findings favorable to Anna Williams and contrary to the Plaintiffs' allegations contained in paragraph 38 of the Complaint.

39.    Williams denies the allegations contained in paragraph 39 of the Complaint that CD Homes was obligated to pay for all construction costs that exceed the equity and construction loan for each project and that, rather than meetings its obligations, CD Homes made member distributions to Anna Williams. Williams admits that CD Homes made various member distributions to Anna Williams. Williams is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 39

of the Complaint. Therefore, for pleading purposes, those allegations are denied.

40.     Williams admits the allegation contained in paragraph 40 of the Complaint that CD Homes made various member distributions to Anna Williams during the time period between July 2016 and February 2018. Williams is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 40 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

41.     Paragraph 41 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 41 of the Complaint, Williams denies same.

42.     Williams denies the allegation contained in paragraph 42 of the Complaint as written. For further answer, Williams responds that the Investor Agreements for Lynbrook and Thornblade, as modified by the action and agreement of the parties, are valid and binding contracts between Plaintiff HouTex and CD Homes.

43.     Williams denies the allegations contained in paragraph 43 of the Complaint.

44.     Williams admits that the allegations contained in paragraph 44 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for the Thornblade and Lynbrook projects at closing. However, by action and agreement of the parties, the precepts of the agreements were modified. To the extent those modifications require, Williams denies the allegations

contained in paragraph 44 of the Complaint. For further answer, Williams responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

45.     Williams admits the allegations contained in paragraph 45 of the Complaint that when the Thornblade Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 45 of the Complaint. For further answer, Williams responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

46.     Williams admits the allegations contained in paragraph 46 of the Complaint that when the Lynbrook Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 46 of the Complaint. For further answer, Williams responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant

Complaint.

47.     Williams denies the allegations contained in paragraph 47 of the Complaint.

48.     Williams denies the allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 49 of the Complaint, Williams denies same.

50.     Paragraph 50 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 50 of the Complaint, Williams denies same.

51.     Williams denies the allegation contained in paragraph 51 of the Complaint as written. For further answer, Williams responds that the Looscan Investor Agreement, as modified by the action and agreement of the parties, is a valid and binding contract between Plaintiff Looscan and CD Homes.

52.     Williams denies the allegation contained in paragraph 52 of the Complaint.

53.     Williams admits that the allegations contained in paragraph 53 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for the Looscan project at closing. However, by action and agreement of the parties, the precepts of this agreement were modified. To the extent those modifications require, Williams denies the allegations contained in

paragraph 53 of the Complaint. For further answer, Williams responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

54.     Williams admits the allegations contained in paragraph 54 of the Complaint that when the Looscan Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and agreement of the parties, however, the precepts of the Investor Agreement were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 54 of the Complaint. For further answer, Williams responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

55.     Williams denies the allegations contained in paragraph 55 of the Complaint.

56.     Williams denies the allegations contained in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 57 of the Complaint, Williams denies same.

58.     Paragraph 58 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 58 of the Complaint, Williams denies same.

59.     Williams denies the allegation contained in paragraph 59 of the Complaint as written. For further answer, Williams responds that the Shadywood Investor Agreement, as modified by the action and agreement of the parties, is a valid and binding contract between Plaintiff Shadywood and CD Homes. For further answer, Williams responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

60.     Williams denies the allegations contained in paragraph 60 of the Complaint.

61.     Williams admits that the allegations contained in paragraph 61 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for the Shadywood project at closing. However, by action and agreement of the parties, the precepts of this agreement were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 61 of the Complaint. For further answer, Williams responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

62.     Williams admits the allegations contained in paragraph 62 of the Complaint that when the Shadywood Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. By action and

agreement of the parties, however, the precepts of the Investor Agreement were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 62 of the Complaint. For further answer, Williams responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

63.     Williams denies the allegations contained in paragraph 63 of the Complaint.

64.     Williams denies the allegations contained in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 65 of the Complaint, Williams denies same.

66.     Paragraph 66 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 66 of the Complaint, Williams denies same.

67.     Paragraph 67 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 67 of the Complaint, Williams denies same.

68.     Paragraph 68 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 68 of the Complaint, Williams denies same.

69.     Paragraph 69 of the Complaint does not contain any allegations of fact;

therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 69 of the Complaint, Williams denies same.

70.     Williams admits that the allegations contained in paragraph 70 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for each project at closing. However, by action and agreement of the parties, the precepts of this agreement were modified. To the extent those modifications require, Williams denies the allegations contained in paragraph 70 of the Complaint.

71.     Williams denies the allegations contained in paragraph 71 of the Complaint as worded. For further answer, Williams responds that the allegations contained in paragraph 71 of the Complaint are vague and do not reflect which project the allegations pertain to. As such, Williams is without sufficient information to either admit or deny the allegations contained in Paragraph 71 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

72.     Williams denies the allegations contained in paragraph 72 of the Complaint as worded. For further answer, Williams responds that Williams responds that CD Homes arranged Debtors' loans with SOTB, GSFC, Pensco Trust, Jim D. Nored, and Hmaidan & Hmaidan at the specific request of and with the consent of Charles Foster and each respective Plaintiff.

73.     Williams denies the allegations contained in paragraph 73 of the Complaint.

74.     Williams denies the allegations contained in paragraph 74 of the Complaint.

75.     Williams denies the allegations contained in paragraph 75 of the Complaint.

76.     Williams denies the allegations contained in paragraph 76 of the Complaint.

Wherefore, Anna Williams prays that Plaintiffs take nothing and that she recover her costs of court, and such other and further relief to which she may be entitled.

Respectfully submitted,

_____*/s/ John H. McFarland*_____
John H. McFarland
Texas State Bar No. 00794270
Federal ID No. 19423
jmcfarland@jmlawyers.com
JOYCE + MCFARLAND LLP
712 Main Street, Suite 1500
Houston, Texas 77002
Tel 713.222.1114 | Fax 713.513.5577

ATTORNEYS FOR DEFENDANT
ANNA WILLIAMS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was forwarded by ECF on July 30, 2020 to the parties listed below.

Charles M. Rubio | crubio@diamondmccarthy.com
Brian Hogue | Brian.hogue@diamondmccarthy.com
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010

Richard L. Fuqua | rlfuqua@fuqualegal.com
Fuqua & Associates, P.C.
8558 Katy Freeway, Suite 119
Houston, Texas 77024
Tel 713.960.0277
Fax 713.960.1064

_/s/ John H. McFarland_
John H. McFarland