IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.  18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| | § | Jointly Administered |
| _____ | § | |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

**SUBJECT TO ITS MOTION TO WITHDRAW THE REFERENCE
AND ITS MOTION TO ABSTAIN,
ANSWER OF CD HOMES, LLC TO ADVERSARY COMPLAINT**

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

Subject to its motion to withdraw the reference and its motion to abstain, Defendant CD

Homes, LLC (n/k/a HL Builders, LLC) (*"Defendant"*) files this answer to the Adversary Complaint

filed by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (*"Debtors"*

or *"Plaintiffs"*).

1.    Defendant admits that this is an adversary proceeding as alleged in paragraph 1 of the

Complaint.  Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits that these bankruptcy cases are jointly administered as alleged in paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Regarding paragraph 4 of the Complaint with respect to Federal Rule of Bankruptcy Procedure 7008, Defendant does not consent to the entry of a final order or judgment by the Bankruptcy Court in this matter.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.  For further answer, Defendant does not consent to the entry of a final order or judgment by the Bankruptcy Court in this matter.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in the first sentence of paragraph 13 of the Complaint.  For further answer, Defendant responds that each individual debtor was in the business of investing, contracting for services and ultimately dividing profits with Defendant. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of the Complaint; therefore, for pleading purposes, they are denied.

14.     Defendant admits that it is a home construction company, that Anna Williams is the owner of CD Homes, and that Williams' husband, Robert Parker, is a consultant for CD Homes as alleged in paragraph 14 of the Complaint.  Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint as worded.  For further answer, Defendant responds that Charles Foster through numerous entities began doing business with CD Homes and that Robert Parker, a consultant for CD Homes, was the representative of CD Homes with whom Foster dealt.

16.     Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits that the allegations contained in paragraph 17 of the Complaint reflect the original intention and agreement of the parties with respect to the construction and financing of the projects.  However, by action and agreement of the parties, the precepts of these two agreements were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that the allegations contained in paragraph 18 of the Complaint reflect the original intention and agreement of the parties with respect to the initial acquisition and equity for the projects.  However, by action and agreement of the parties, the precepts of these two agreements were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant admits that the allegations contained in paragraph 19 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to provide any funds in excess of the construction and equity loan for each project.  However, by action and agreement of the parties, the precepts of these two agreements were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant admits that the allegations contained in paragraph 20 of the Complaint reflect the original intention and agreement of the parties with respect to the distribution of net proceeds at closing after each project is sold.  However, by action and agreement of the parties, the precepts of these two agreements were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant admits that the allegations contained in paragraph 21 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to provide any funds in excess of the construction and equity loan for each project and a $50,000 payment to the respective Debtor upon the sale of each project.  However, by action and agreement of the parties, the precepts of these two agreements were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint as worded.  For further answer, Defendant responds that each Contractor Agreement provided a construction commencement date and further provided that contractor would substantially complete the work on or before twelve months from such date, "with allowance for delays due to circumstances beyond its control including strikes, casualty, weather or materials unavailability." In late 2014 and into 2015, the price of oil collapsed and Charles Foster became increasingly involved in the project activities.  At Foster's insistence, commencement of construction on the projects was delayed beyond the twelve month construction period while Foster awaited a market recovery.  The resulting construction delay caused substantial additional carrying costs to the projects including property taxes, insurance, and accrued interest.  Damages arising from the construction delays and poor decisions and erroneous instructions given by Foster proximately resulted from Foster's mandate that CD Homes delay the start of construction until his express authorization.  The proofs of claim filed by CD Homes in Debtors' chapter 11 proceeding include damages arising from the construction delay of the projects at Foster's demand.  As the party responsible for construction delay, Foster and his respective Debtor entities are responsible for any costs associated with such delay.

24.     Defendant admits the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in the first sentence of paragraph 25 of the Complaint.  Defendant admits that CD Homes commenced new construction on Looscan with the approval of Charles Foster.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 25 of the Complaint.  Therefore, for pleading purposes, those allegations are denied.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant admits the allegations contained in paragraph 28 of the Complaint.  For further answer, Defendant responds that the third party loans obtained by Defendant were at the specific request and with the consent of Charles Foster and the respective Plaintiffs.

29.     Defendant admits the allegations contained in Paragraph 29 of the Complaint that Houtex entered into loans with Spirit of Texas Bank, Spirit of Texas line of credit, and Great Southwest Financial Corp., and that Debtors obtained financing from Pensco Trust, Jim Nored and Hmaidan & Hmaidan.  For further answer, Defendant responds that the third party loans obtained by Defendant were at the specific request and with the consent of Charles Foster and the respective Plaintiffs.  For further answer, Defendant responds that Charles Foster failed to meet his contractual obligations to guarantee the equity loans for each project.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 29 of the Complaint.  Therefore, for pleading purposes, those allegations are denied.

30.     Defendant denies the allegations contained in the second sentence of Paragraph 30 of the Complaint.  For further answer, Defendant responds that by action and agreement of the parties, the precepts of the parties' original agreements were modified, Charles Foster removed CD Homes' authority to take draws from the construction loans, and Foster assumed complete control over all activities pertaining to the projects.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 30 of the Complaint.  Therefore, for pleading purposes, those allegations are denied.

31.     Defendant admits that the allegations contained in paragraph 31 of the Complaint reflect the original intention and agreement of the parties with respect to the distribution of net proceeds of each project at closing and the obligation of CD Homes to provide funds necessary to make up for cash shortfall at closing. However, by action and agreement of the parties, the precepts of the agreements were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant admits the allegations contained in paragraph 32 of the Complaint that the Looscan Project closed on or around January 4, 2019 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. However, by action and agreement of the parties, the precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 32 of the Complaint. For further answer, Defendant responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

33.     Defendant admits the allegations contained in paragraph 33 of the Complaint that the Shadywood Project closed on or around January 14, 2019 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. However, by action and agreement of the parties, the precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 33 of the Complaint. For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

34.     Defendant admits the allegations contained in paragraph 34 of the Complaint that the Thornblade Project closed on or around December 11, 2018 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.  However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 34 of the Complaint.  For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

35.     Defendant admits the allegations contained in paragraph 35 of the Complaint that the Lynbrook Project closed on or around December 5, 2019 and that the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.  However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 35 of the Complaint.  For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

36.     Defendant admits the allegation contained in paragraph 36 of the Complaint that Anna Williams owns 100% of the member interests in CD Homes.  Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendant admits the allegations contained in paragraph 37 of the Complaint.  For further answer, Defendant responds that the non-dischargeable default judgment entered against Robert F. Parker resulted from Parker's inability to retain counsel to appear and defend against the

allegations asserted by Finger Interests Number One, Ltd.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.  For further response, Defendant answers that with respect to the litigation under Cause Number 2015-43968 initiated by NMRO Holdings, LLC against CD Homes and Anna Williams in the 157th Judicial District Court of Harris County, and the appeal thereof, both courts made findings favorable to Anna Williams and contrary to the Plaintiffs' allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint that CD Homes was obligated to pay for all construction costs that exceed the equity and construction loan for each project and that rather than meetings its obligations, CD Homes made member distributions to Anna Williams.  Defendant admits that CD Homes made various member distributions to Anna Williams.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 39 of the Complaint.  Therefore, for pleading purposes, those allegations are denied.

40.     Defendant admits the allegation contained in paragraph 40 of the Complaint that CD Homes made various member distributions to Anna Williams during the time period between July 2016 and February 2018.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 40 of the Complaint.  Therefore, for pleading purposes, those allegations are denied.

41.     Paragraph 41 of the Complaint does not contain any allegations of fact; therefore, no response is required.  To the extent that any factual allegations are contained in Paragraph 41 of the Complaint, Defendant denies same.

42.     Defendant denies the allegation contained in paragraph 42 of the Complaint as written.  For further answer, Defendant responds that the Investor Agreements for Lynbrook and Thornblade, as modified by the action and agreement of the parties, are valid and binding contracts between Plaintiff HouTex and Defendant CD Homes.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant admits that the allegations contained in paragraph 44 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for the Thornblade and Lynbrook projects at closing.  However, by action and agreement of the parties, the precepts of these two agreements were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 44 of the Complaint. For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

45.     Defendant admits the allegations contained in paragraph 45 of the Complaint that when the Thornblade Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.  However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 45 of the Complaint. For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

46.     Defendant admits the allegations contained in paragraph 46 of the Complaint that when the Lynbrook Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.  However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 46 of the Complaint. For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint does not contain any allegations of fact; therefore, no response is required.  To the extent that any factual allegations are contained in Paragraph 49 of the Complaint, Defendant denies same.

50.     Paragraph 50 of the Complaint does not contain any allegations of fact; therefore, no response is required.  To the extent that any factual allegations are contained in Paragraph 50 of the Complaint, Defendant denies same.

51.     Defendant denies the allegation contained in paragraph 51 of the Complaint as written.  For further answer, Defendant responds that the Looscan Investor Agreement, as modified by the action and agreement of the parties, is a valid and binding contract between Plaintiff Looscan and Defendant CD Homes.

52.     Defendant denies the allegation contained in paragraph 52 of the Complaint.

53.     Defendant admits that the allegations contained in paragraph 53 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for the Looscan project at closing.  However, by action and agreement of the parties, the precepts of this agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 53 of the Complaint. For further answer, Defendant responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

54.     Defendant admits the allegations contained in paragraph 54 of the Complaint that when the Looscan Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.  However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 54 of the Complaint. For further answer, Defendant responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint does not contain any allegations of fact; therefore, no response is required.  To the extent that any factual allegations are contained in Paragraph 57 of the Complaint, Defendant denies same.

58.    Paragraph 58 of the Complaint does not contain any allegations of fact; therefore, no response is required.  To the extent that any factual allegations are contained in Paragraph 58 of the Complaint, Defendant denies same.

59.    Defendant denies the allegation contained in paragraph 59 of the Complaint as written.  For further answer, Defendant responds that the Shadywood Investor Agreement, as modified by the action and agreement of the parties, is a valid and binding contract between Plaintiff Shadywood and Defendant CD Homes.  For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.    Defendant admits that the allegations contained in paragraph 61 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for the Shadywood project at closing.  However, by action and agreement of the parties, the precepts of this agreement were modified.  As a result of the parties' agreed modification, Defendant denies the allegations contained in paragraph 61 of the Complaint. For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

62.    Defendant admits the allegations contained in paragraph 62 of the Complaint that when the Shadywood Project closed, the amount funded at closing did not produce enough net proceeds to pay the amounts as set forth in paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.  However, by action and agreement of the parties, the

precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 62 of the Complaint. For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 65 of the Complaint, Defendant denies same.

66.     Paragraph 66 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 66 of the Complaint, Defendant denies same.

67.     Paragraph 67 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 67 of the Complaint, Defendant denies same.

68.     Paragraph 68 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 68 of the Complaint, Defendant denies same.

69.     Paragraph 69 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in Paragraph 69 of the Complaint, Defendant denies same.

70.     Defendant admits that the allegations contained in paragraph 70 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Investor Agreement to provide any funds in excess of the construction and equity loan for each project at closing.  However, by action and agreement of the parties, the precepts of this agreement were modified.  As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of the Complaint as worded.  For further answer, Defendant responds that the allegations contained in paragraph 71 of the Complaint are vague and do not reflect which project the allegations pertain to.  As such, Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 71 of the Complaint.  Therefore, for pleading purposes, those allegations are denied.

72.     Defendant denies the allegations contained in paragraph 72 of the Complaint as worded.  For further answer, Defendant responds that Defendant responds that CD Homes arranged Debtors' loans with SOTB, GSFC, Pensco Trust, Jim D. Nored, and Hmaidan & Hmaidan at the specific request of and with the consent of Charles Foster and each respective Plaintiff.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint.


Wherefore, Defendant prays that Plaintiffs take nothing and that Defendant recover its costs of court and such other and further relief to which it may be entitled.

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY:     */s/ Richard L. Fuqua*
         Richard L. Fuqua
         State Bar No. 07552300
         8558 Katy Freeway, Suite 119
         Houston, TX 77024
         (713) 960-0277  Telephone
         (713) 960-1064  Facsimile
         rlfuqua@fuqualegal.com
         COUNSEL FOR CD HOMES, LLC
         n/k/a HL BUILDERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Adversary Complaint was forwarded by ECF and/or regular United States mail, postage prepaid, on July 30, 2020 to the parties listed below.

Charles M. Rubio
Brian Hogue
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010
crubio@diamondmccarthy.com
Brian.hogue@diamondmccarthy.com

John H. McFarland
Joyce + McFarland LLP
712 Main Street, Suite 1500
Houston, Texas 77002
jmcfarland@jmlawyers.com

*/s/ Richard L. Fuqua*
Richard L. Fuqua