IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| | § | Jointly Administered |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 LOOSCAN, LLC, AND | § § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ CD HOMES, LLC AND ANNA WILLIAMS, | § § § | |
| | § | |
| Defendants | § | |

### CD HOMES, LLC'S MOTION TO WITHDRAW THE REFERENCE AND TO ABSTAIN, DEMAND FOR TRIAL BY JURY, AND NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

THIS MOTION SEEKS RELIEF FROM
A UNITED STATES DISTRICT JUDGE

CD Homes, LLC (*"CD Homes"*) moves to withdraw the reference because state law claims and non-core matters predominate the Complaint filed by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (*"Debtors"*). CD Homes further moves the Court to abstain because the claims stated against it are not "core" proceedings. CD Homes also demands a trial by jury as to all matters so triable. And

-1-

CD Homes provides this notice that it does not consent to the entry of final orders in this action.

## MOTION TO WITHDRAW THE REFERENCE

CD Homes moves to withdraw the reference because state law claims and non-core matters predominate the Complaint filed by Debtors. The Debtors seeks relief under the Texas Uniform Fraudulent Transfer Act for transfers occurring between non-debtor entities. The Debtors invoke Texas statutory law to avoid member distributions to Anna Williams, the principal of CD Homes.

## MOTION TO ABSTAIN

CD Homes moves the Court to abstain from exercising any jurisdiction over this matter. The federal courts created abstention as a doctrine to resolve conflicts between federal and state courts; the doctrine is based on comity with state courts. *See* 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice: Jurisdiction 2d* §§ 4241-55 (2d ed. 1988). In the context of bankruptcy, however, abstention is statutory. *See* 28 U.S.C. § 1334(c). A bankruptcy court *must* abstain where:

> (1) timely motion is made by a party;
>
> (2) proceeding is based on a state law claim or cause of action;
>
> (3) proceeding is "related to" a case, not "arising under" the Code or "arising in" a case; *In re Chicago, Milwaukee, St. Paul & Pac. R.R.,* 6 F.3d 1184, 1194 (7th Cir. 1993); *In re Emerald Acquisition Corp.,* 170 B.R. 632, 646 (Bankr. N.D. Ind. 1994) (non-core proceeding requirement is most important factor);

(4) but for the bankruptcy, proceeding would have been brought in state, not federal, court (*i.e.,* no independent ground of federal jurisdiction exists); and

(5) action is commenced which the bankruptcy court finds will be timely adjudicated. 28 U.S.C. § 1334(c)(2). *See Miller & Miller Auctioneers, Inc. v. Ritchie Bros. Auctioneers Int'l (In re Mo. Props. Inc., Inc.),* 211 B.R. 914 (Bankr. W.D. Mo. 1996). Non-core proceedings involving the liquidation or estimation of personal injury tort and wrongful death claims against the estate are not subject to mandatory abstention. 28 U.S.C. § 157(b)(4).

CD Homes submits that Debtors in this case seek to enforce state law claims that would have been properly brought in state court but for the bankruptcy; the Court must abstain. CD Homes moves for that relief.

Alternatively, the Court should exercise its discretion and abstain because abstention would serve the interests of justice, comity with state courts, and respect for state law. 28 U.S.C. § 1334(c) (1). CD Homes moves for that relief.

### DESIGNATION OF THE RECORD

CD Homes designates the following as the portion of the record of the bankruptcy court proceedings they believe to be reasonably pertinent to the district court's consideration of the motion:

1. Plaintiff's Adversary Complaint (Doc. 1, filed June 29, 2020); and

2. CD Homes' Motion to Withdraw the Reference and to Abstain, Demand for Trial by Jury, and Notice of Non-Consent to Entry of Final Orders.

## DEMAND FOR TRIAL BY JURY

CD Homes demands a trial by jury on all issues so triable.

## NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS

CD Homes provides this notice that it does not consent to the entry of final orders being entered by the bankruptcy court in this adversary proceeding.

## CONCLUSION

CD Homes asks the district court to withdraw the reference as to all claims and issues in this adversary proceeding and to adjudicate this action in district court, to abstain from exercising jurisdiction over this matter, to grant its constitutional right to a trial by jury as to all issues so triable, and for any other relief to which it is entitled.

Respectfully submitted,

*/s/ Richard L. Fuqua*
Richard L. Fuqua
Texas State Bar No. 07552300
Federal ID No. 4546
rlfuqua@fuqualegal.com
8558 Katy Freeway, Suite 119
Houston, Texas 77024
Telephone:  713-960-0277
Facsimile:   713-960-1064

ATTORNEYS FOR DEFENDANT
CD HOMES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was forwarded by ECF and/or regular United States mail, postage prepaid, on July 30, 2020 to the parties listed below.

Charles M. Rubio
Brian Hogue
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010
crubio@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

John McFarland
Joyce + McFarland LLP
712 Main, Suite 1500
Houston, Texas 77002
jmcfarland@jmlawyers.com

/s/ Richard L. Fuqua
Richard L. Fuqua