UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | Case No. 18-34658 |
| **HOUTEX BUILDERS, LLC, *et al.*,**[1] | § § | |
| DEBTORS. | § § | Chapter 11 |
| | § § | Jointly Administered |
| **HOUTEX BUILDERS, LLC, 2203 LOOSCAN, LLC, & 415 SHADYWOOD, LLC,** | § § § § | Adversary No. 20-03237 |
| Plaintiffs, | § § § | |
| v. | § § | |
| **HL BUILDERS, LLC, f/k/a CD HOMES, LLC AND ANNA WILLIAMS,** | § § § § | |
| Defendants. | § § § | |

**CORRECTED[2] RESPONSE TO CD HOMES'S MOTION TO WITHDRAW THE REFERENCE AND TO ABSTAIN, DEMAND FOR TRIAL BY JURY, AND NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS**

[Related to ECF 11]

HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC ("Debtors" or

"Plaintiffs"), as Plaintiffs in the above-captioned adversary proceeding, respond to *CD Homes, LLC's*

*Motion To Withdraw The Reference And To Abstain, Demand For Trial By Jury, And Notice of Non-Consent To*

*Entry of Final Order* [ECF 9] (the "Jurisdiction Motion"):

**BACKGROUND**

1.  CD Homes LLC ("CD Homes") has filed proofs of claim against each of the Debtors.

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HouTex Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] The only correction in this document from the original document filed at [ECF 21] is the change of the name of the movant in the title from Anna Williams to CD Homes.

1

2. CD Homes filed three unsecured claims in the HouTex case, Claim Nos. 12-1, 13-1 and 16-1.

3. CD Homes filed four separate unsecured claims in the Shadywood case, Claims No. 4-1, 5-1, 6-1 and 7-1.

4. CD Homes filed two separate unsecured claims in the Looscan case, Claim Nos. 3-1 and 4-1.

## RESPONSE

5. As this Court has explained, a creditor or party-in-interest who voluntarily files a claim against the bankruptcy estate subjects themselves to the jurisdiction of the Bankruptcy Court and loses the Seventh Amendment right to a jury trial if the trustee or debtor-in-possession subsequently objects to the claim or seeks some other affirmative relief relating to the claim:

> "[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990). The Supreme Court of the United States has issued three opinions as to when a party to a dispute in bankruptcy court has no right to a jury trial. In *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Court held that an objection to a proof of claim was a summary proceeding over which no jury trial attached. *Id.* In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court reiterated this principle by holding that "[a]lthough a petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity." *Id.* at 58, 109 S.Ct. 2782 (*quoting Katchen*, 382 U.S. at 336, 86 S.Ct. 467) (internal citations omitted). Soon thereafter, the Court, in *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *citing both Katchen and Granfinanciera*, held that:
>
>> ... by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury

trial.

*Id.* at 44–45, 109 S.Ct. 2782 (internal citations omitted).

*Katchen, Granfinanciera*, and *Langenkamp*, taken together, indicate that a creditor or party-in-interest who voluntarily files a claim against the bankruptcy estate thereby loses the Seventh Amendment right to a jury trial if the trustee subsequently objects to the claim or seeks some other affirmative relief relating to the claim (hereinafter referred to as the Trilogy holding).

*In re Endeavour Highrise L.P.*, 425 B.R. 402, 407–08 (Bankr. S.D. Tex. 2010).

6. The counterclaims made by the Debtors against CD Homes in this adversary proceeding involve a common question of law or fact as the claims filed by CD Homes against the Debtors. These claims and counter-claims are all based on the Projects and the rights of the Debtors, CD Homes and Anna Williams, the owner of CD Homes, related to these Projects, which are primarily based on the contracts entered into between each Debtor and CD Homes, including the Investor Agreements.

    **A.**    **The Request to Withdraw the Refence is Inappropriate and Should be Denied**

7. This Court holds jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *In re: Order of Reference to Bankruptcy Judges, General Order 2012–6* (S.D. Tex. May 24, 2012) is a standing order referring all bankruptcy cases and all proceeding arising under title 11 or arising or related to a case under title 11 of the United States Code to the bankruptcy judges in this district.

8. The bankruptcy court cannot transfer cases in its jurisdiction to the district court." *Centrust Sav. Bank v. Love*, 131 B.R. 64, 66 (S.D. Tex. 1991).

9. CD Homes does not explain the basis for its request to withdraw the reference to the District Court. Presumably, its position is premised on its argument that it is entitled to a jury trial

3

right. As explained above, CD Homes is not entitled to a jury trial right. Accordingly, this request to withdraw the reference should be denied.

> **B.  CD Homes Does Not Satisfy the Requirements For Abstention**

10. When Congress confers jurisdiction, federal courts should be circumspect in declining to exercise it under the auspices of abstention. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). The Supreme Court recognized there that:

> [a]bstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, *is an extraordinary and narrow exception* to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine *only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest*." . . . "(I)t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it."

424 U.S. at 813-14, 96 S. Ct. at 1244 (internal citations omitted) (emphasis added). *See also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720-21, 135 L. Ed. 2d 1 (1996) ("we have held that federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest . . ."); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (internal citations omitted) (acknowledging that in 'extraordinary and narrow' circumstances a district court may abstain, but recognizing that "[t]he decision whether to surrender jurisdiction because of parallel state court litigation does not rest on a 'mechanical checklist' of . . . factors, but on a 'careful balancing' of them, 'as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'")

11. Likewise in the context of bankruptcy cases and adversary proceedings the Courts follow the rule that abstention is the exception when federal jurisdiction is properly invoked:

> [b]ecause [section 1334(c)(1)] provides only general standards for determining whether abstention is appropriate . . . courts have been guided by 'well developed notions of

4

judicial abstention,' which include the premise that *federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule.*

*Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 893-94 (Bankr. 8th Cir. 2001) (emphasis added).

12. There are two types of abstention: mandatory and permissive. CD Homes does not satisfy the requirements for either one.

13. With respect to mandatory abstention, "[a] party seeking mandatory abstention must prove each of the following: (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be 'timely adjudicated' in state court. *See e.g. In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003). "A party is not entitled to mandatory abstention if it fails to prove any one of the statutory requirements." *Id.*

14. There is no action commenced in state court; accordingly, the requirements for mandatory abstention are not satisfied.

15. In determining whether to exercise permissive abstention under § 1334(c) courts have considered one or more (not necessarily all) of twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficulty or unsettled nature of the applicable state law,
>
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court,
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden of [the court's] docket,

(10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of non-debtor parties.

*In re Cody, Inc.*, 281 B.R. 182, 190–91 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003) *quoting In re 610 W. 142 Owners Corp.*, 1999 WL 294995 (S.D.N.Y. 1999) *citing In re Craft Architectural Metals Corp.*, 115 B.R. 423, 432 (E.D.N.Y. 1989) *quoting In re Republic Reader's Serv. Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

16. This Court should deny the request for abstention based on the application of the following factors:

- <u>The Effect Or Lack Thereof On the Efficient Administration of the Estate If a Court Recommends Abstention</u>: The administration of the Debtors' estates would be substantially impaired if the Court abstains and does not hear this matter. The adversary-proceeding raises counterclaims arising from the same facts and law as the proofs of claim. The administration of the estates would be substantially impaired if it had to litigate these matters in another court.

- <u>The Extent To Which State Law Issues Predominate Over Bankruptcy Issues</u>: The state law breach of contract claim against CD Homes are three of the nine claims raised in the adversary proceeding and do not predominate over the bankruptcy issues. Moreover, these claims are counterclaims in response to the claims that CD Homes has asserted against the Debtor and are directly related to the bankruptcy issues before this Court.

- <u>The Difficulty or Unsettled Nature of the Applicable State Law</u>: There are no difficult or unsettled issues of state law. The only state law claim against CD Homes are breach of contract which this Court regularly addresses. In fact, this Court has already conducted a trial to establish the contractual relationships that exist between the Debtors and CD Homes.

- <u>The Presence of a Related Proceeding Commenced In State Court Or Other Non-Bankruptcy Court</u>:  There is no proceeding commenced in state court or other non-bankruptcy court.

- <u>The Degree of Relatedness Or Remoteness of the Proceeding To the Main Bankruptcy Case</u>:  This proceeding is directly related to the remaining issues in the main case which relate to the resolution of the claims among the Debtors, CD Homes and Anna Williams, the owner of CD Homes, which all arise and relate to the contractual relationship between the Debtors and CD Homes and the disposition of financing proceeds obtained in connection with those agreements.

- <u>The Substance Rather Than Form of An Asserted "Core" Proceeding</u>: "Core" proceedings include: matters concerning the administration of the estate, allowance or disallowance of claims against the estate, counterclaims by the estate against persons filing claims against the estate, and proceedings to determine, avoid, or recover fraudulent conveyances.   28 U.S.C § 157(b)(2).  All of the claims asserted in this adversary proceeding fall within one or more of the foregoing categories.

- <u>The Feasibility of Severing State Law Claims From Core Bankruptcy Matters To Allow Judgments To Be Entered In State Court With Enforcement Left To The Bankruptcy Court</u>:  It is not feasible to sever the state law claims from the core claims and have these matters tried before two different courts.

- <u>The Burden of The Court's Docket</u>: This Court is familiar with the facts of this case and it will not be a burden on this Court's docket to resolve this dispute.

- <u>The Likelihood That the Commencement of the Proceeding In A Bankruptcy Court Involves Forum Shopping By One of The Parties</u>: There are no claims of forum shopping.  The Debtors commenced this adversary proceeding in the Bankruptcy Court because it is related to the administration of the Debtors' cases.

- <u>The Existence of a Right To A Jury Trial</u>:  As noted above, CD Homes is not entitled to a jury trial.

- <u>The Presence In The Proceeding of Non-Debtor Parties</u>:  Other than the Defendants, the only parties to the proceeding are the Debtors.

17. The Court should deny the request for abstention because the foregoing permissive abstention factors weigh heavily against abstention.

[Remainder of Page Intentionally Left Blank]

## **CONCLUSION**

WHEREFORE, based on the foregoing, the Court should enter an order denying the relief requested by Anna Williams in the Jurisdiction Motion.

Dated: August 21, 2020

Respectfully submitted,

*/s/ Charles M. Rubio*
PARKINS LEE & RUBIO LLP
Charles M. Rubio P.C.
TX Bar No. 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: crubio@parkinslee.com

*Proposed Special Counsel to the Plaintiffs*


DIAMOND MCCARTHY LLP
Steve Loden
sloden@diamondmccarthy.com
Brian Raymond Hogue
Brian.Hogue@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, Texas 77010
Telephone: (713) 333-5100

*General Counsel to the Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § § **HOUTEX BUILDERS, LLC,** *et al.*,[1] § § **DEBTORS.** § § _____ § **HOUTEX BUILDERS, LLC, 2203** § **LOOSCAN, LLC, & 415 SHADYWOOD,** § **LLC,** § § Plaintiffs, § **v.** § § **HL BUILDERS, LLC, f/k/a CD** § **HOMES, LLC AND ANNA WILLIAMS,** § § Defendants. § _____ § | | **Case No. 18-34658** **Chapter 11** **Jointly Administered** **Adversary No. 20-03237** |

**ORDER DENYING CD HOMES, LLC'S MOTION TO WITHDRAW THE REFERENCE AND TO ABSTAIN, DEMAND FOR TRIAL BY JURY, AND NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS**

Upon consideration of *CD Homes, LLC's Motion To Withdraw The Reference And To Abstain, Demand For Trial By Jury, And Notice Of Non-Consent To Entry Of Final Order* [ECF 11] (the "Jurisdiction Motion") and the response filed by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC ("Debtors") the Court hereby finds:

A.   Anna Williams has waived her jury trial right with respect to the counterclaims asserted by the Debtors against Anna Williams in the adversary proceeding.

B.   There is no appropriate basis for recommending a withdrawal of the reference of this

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HouTex Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

1

adversary proceeding

      C.    Anna Williams has not satisfied the requirements for mandatory abstention because there is no pending state court proceeding involving this matter.

      D.    The factors considered for permissive abstention as set forth in the Response weigh against permissive abstention.

      THERFORE it is hereby ORDERED that the Motion is DENIED.

Dated: _____ \_\_, 2020

                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE