

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/24/2020

| | | |
|---|---|---|
| IN RE: | § | |
| HOUTEX BUILDERS, LLC, *et al* | § | CASE NO: 18-34658 |
|     Debtors | § | |
| | § | CHAPTER  11 |
| | § | |
| HOUTEX BUILDERS, LLC, *et al* | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | ADVERSARY NO. 20-03237 |
| | § | |
| HL BUILDERS, LLC, *et al* | § | |
|     Defendants | § | |

### ORDER DENYING MOTION TO WITHDRAW THE REFERENCE AND MOTION TO ABSTAIN

On July 30, 2020, one of the defendants, Anna Williams ("Williams") filed a motion seeking to withdraw the reference, to abstain, demanded a trial by jury, and noticed the court of her non-consent to entry of final orders (ECF No. 9). The plaintiffs filed a response in opposition (ECF No. 20).  Both the motion to withdraw the reference and the motion to abstain complain that only state law claims and non-core matters exist in the filed complaint. Simultaneously, Williams demands a trial by jury as to all matters and provides notice that she does not consent to the entry of final orders by the bankruptcy court.  After the motion was filed, plaintiffs filed an amended complaint (ECF No. 16).

Pursuant to General Order No. 2011-12 in the United States District Court for the Southern District of Texas ("Authority of Bankruptcy Judges to Enter Final Orders"), as well as Bankruptcy Local Rule 5011-1, this Court enters this order.

## I.      Background

This adversary stems from a jointly administered Chapter 11 bankruptcy[1], in which three separate debtors were established for the purpose of constructing houses on a speculative basis. Plaintiffs/debtors, HouTex Builders, LLC, 415 Shadywood, LLC, and 2203 Looscan, LLC (collectively "HouTex"), are special purchase entities, owned by Charles and Lily Foster ("Foster").   CD Homes is a home construction company, owned by Anna Williams, and managed by Williams' husband, Robert Parker ("Parker"). Beginning in the mid 2000's, Foster and Parker, via various business entities, began to build residential homes in the Houston area. Williams filed three separate proofs of claim in the chapter 11 case.[2]  Parker signed each of the claims on behalf of Williams.   The plaintiffs have objected to each of the claims in the bankruptcy case.

On June 29, 2020, HouTex initiated this adversary proceeding by filing a complaint against defendants, HL Builders, LLC, f/k/a CD Homes, LLC, and Anna Williams. Plaintiffs asserted the following claims and causes of action: (1) breach of contract on behalf of HouTex, (2) breach of contract on behalf of Shadywood, (3) breach of contract on behalf of Looscan, and (4) avoidance of transfers under TUFTA pursuant to Tex. Bus. & Com. Code 24.001.  The Amended Complaint included additional causes of action for avoidance of transfers under 11 U.S.C. §§ 548(a)(1)(A) and (B), avoidance of transfers under 11 U.S.C. § 544(b), and recovery of transfers under 11 U.S.C. § 550(a).

On July 30, 2020, Williams filed a motion seeking to withdraw the reference of this adversary proceeding and/or to abstain from hearing this case.  The motions rely on her jury demand, the "non-core" nature of all or nearly all of HouTex's claims, and her lack of consent to

---

[1] Case No. 18-34658
[2] Case 18-34658, Claim No. 9, Case No. 18-34659, Claim No. 3, and Case No. 18-34660, Claim No. 5

the bankruptcy court's authority to enter final orders on non-core claims and causes of action.

## II.    Discussion

The district court for the Southern District of Texas exercises original jurisdiction over this adversary proceeding.[3]   The adversary proceeding was filed with the bankruptcy court because the district court has generally referred all cases under title 11 of the United States Code, and all proceedings "arising under" title 11 or "arising in" or "related to" a case under title 11, to the bankruptcy judges.[4]

Under the appropriate circumstances, the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[5] Here, Williams seeks a recommendation that the district court withdraw the reference on permissive grounds. The Fifth Circuit has previously held that district courts should decide "cause" for permissive withdrawal of the reference by considering whether:

(1) The underlying lawsuit is a non-core proceeding;

(2) Uniformity in bankruptcy administration;

(3) Forum shopping and confusion will be reduced;

(4) Economical use of debtors' and creditors' resources will be fostered;

(5) The bankruptcy process will be expedited; and

(6) A party has demanded a jury trial.[6]

The term "core proceeding" is not defined in the Bankruptcy Code. Title 28, United States Codes, Section 157(b) provides an illustrative list of proceedings that may be considered "core." However, even if designated as core, if the action arises only under state law and would

---

[3] 28 U.S.C. §1334(a) and (b)
[4] *General Order 2012-6 Order of Reference to Bankruptcy Judges*, United States District Court Southern District of Texas, May 24, 2012
[5] 28 U.S.C. §157(d)
[6] *Holland Am. Ins. Co. v. Roy, 777* F.2d 992, 999 (5th Cir. 1985).

not necessarily be resolved in the claims allowance process, then the bankruptcy court is constitutionally prohibited from entering final judgment.[7]

Absent a party's consent, bankruptcy judges hear, but do not have authority to determine non-core claims. Rather, a bankruptcy court may only recommend proposed findings of fact and conclusions of law to the district court. Further, bankruptcy judges are constitutionally prohibited from holding jury trials on non-core claims,[8] and may not try a matter before a jury without the consent of all parties.[9] In the original complaint, all or nearly all the claims asserted by HouTex were non-core state law causes of action.[10] However, the plaintiffs amended their complaint asserting additional causes of action, including avoidance and restitution of fraudulent transfers under 11 U.S.C. §§ 548 and 550. The Plaintiffs are now asking for equitable relief from the bankruptcy court.

Although Williams has demanded a jury trial, and there are some non-core causes of action in the Amended Complaint, the remaining factors support not withdrawing the reference. There are core proceedings at issue, there is currently pending bankruptcy litigation between these same parties, the bankruptcy court is already familiar with the underlying contracts and positions of the parties, thereby reducing confusion and ensuring a more economical use of the parties' resources.

Williams has timely asserted a right to a jury trial,[11] and does not consent to this Court

---

[7] *Stern v. Marshall*, 564 U.S. 462, 503 (2011); *BP RE, LP v. Waxahachie Dodge, LLC (In re BP RE, LP)*, 735 F.3d 279, 286 (5th Cir. 2013); *In re Frazin*, 732 F.3d 313, 317 (5th Cir. 2013).
[8] *Orion Picture Corn. v. Showtime Networks Inc. (In re Orion)*, 4 F.3d 1095, 1101 (2nd Cir. 1993).
[9] Fed. R. Bank. P. 9015(b).
[10] *In re The Heritage Organization, L.L.C.*, 454 B.R. 353, 360–61 (Bankr. N.D. Tex. 2011) ("The claim under TUFTA] does not invoke a right created by title 11, and clearly exists outside of bankruptcy. Therefore, at most, it is a 'related to' claim under section 1334(b).").
[11] *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989); *Katchen v. Landy*, 382 U.S. 323 (1966).

conducting a jury trial.[12] The Fifth Circuit holds that without consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial.[13]  Accordingly, if Williams is entitled to a jury trial, the reference must be withdrawn.  Prior courts have held that when a creditor elects to participate in the equitable process of bankruptcy by filing a proof of claim, the creditor waives any Seventh Amendment right to a jury trial.[14]  Nevertheless, "if a legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact."[15] It is not necessary to consider the merits of these underlying claims, but only whether their nature and context entitle the defendant to a jury trial, and suits that would augment the estate, but have no effect on the allowance of a creditor's claim is not part of the claims allowance process.[16]

The plaintiffs' response notes that Williams filed three proofs of claims in the main cases. Williams' unsecured claims do not include any written bases for her claims, only that she paid invoices addressed to CD Homes LLC.  In filing these proofs of claims against the debtors, Williams submitted herself to the equitable jurisdiction of the court.  The causes of action in the amended complaint are a vital part of the bankruptcy process and directly affect the claims allowance process.  If the transfers are found to be fraudulent, Williams may be required to pay back the funds she received.  This could in turn result in her seeking to amend her proofs of claims to increase the amount she is owed.  Similarly, if Williams prevails, she would retain the monies received, which could result in credits on her proofs of claims.[17]  For this reason, this Court determines that Williams has waived her right to a jury trial.

---

[12] *Saenz v. Gomez*, 899 F.3d 384, 390–91 (5th Cir. 2018) (explaining that consent to bankruptcy jurisdiction may be either express or implied so long as it is knowing and voluntary).
[13] *In re Clay,* 35 F.3d 190, 196–97 (5th Cir.1994).
[14] *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).
[15] *Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974).
[16] *Germaine v. Conn. Nat'l Bank*, 988 F.2d 1323 (2d Cir. 1993).
[17] *In re American Housing Foundation*, 2013 WL 781616 (Bankr. N.D. Tex March 1, 2013).

Williams's motion states that the bankruptcy court must abstain pursuant to 28 U.S.C. §

1334 (c)(2) as the causes of action plead are solely state law claims, that can be adjudicated in

state court.  The plaintiffs point out that Williams has not filed a state court lawsuit, thereby

negating mandatory abstention.  In addition. the Amended Complaint brought federal causes of

action that arise under the U.S. Code, also negating mandatory abstention.  In the alternative,

Williams requests that the bankruptcy court permissively abstain under 28 U.S.C. § 1334 (c)(1)

"in the interest of justice, or in the interest of comity with State courts or respect for State law."

There are generally twelve to fourteen factors that courts consider when deciding to exercise

permissive abstention.[18]  Williams has not shown how any of these factors support her request

for abstention.  The plaintiffs' response does address the majority of these factors, arguing

against abstention.  The court agrees that the overwhelming majority of the permissive factors

weigh against abstention in this case.

Article III permits a bankruptcy court to decide claims submitted to them by consent.[19]

Williams has expressly not consented to the entry of final judgment by the bankruptcy court.  In

a core proceeding, an aggrieved party may appeal the judgment of the bankruptcy court to the

district court, which applies a de novo standard of review to the conclusions of law and the

clearly-erroneous standard to findings of fact under 28 U.S.C.A. § 158(a).  However, for non-

core proceedings, the bankruptcy court submits proposed findings of facts and conclusions of

---

[18] *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non bankrupty court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of the asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non debtor parties; *Ramirez v. Rodriguez (In re Ramirez*, 413 B.R. 621, 631-32 (Bankr. S.D. Tex. 2009) (In addition, court consider comity and the possibility of prejudice to other parties, for a total of fourteen factors).

[19] *Wellness Intern. Network Ltd. V. Shari*f, 575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015)

law to the district court.  As there are non-core causes of action plead in the amended complaint, the bankruptcy court cannot issue final judgments without the parties' consent.[20]

For these reasons, this Court denies the motion to abstain and denies the motion to withdraw the reference, the trial will proceed in the bankruptcy court, and the bankruptcy court will make a report and recommendation to the district court based on the lack of the parties' consent to the entry of a final judgment.

**THEREFORE, IT IS ORDERED** that the Motion to Withdraw the Reference and to Abstain, and Demand for Jury Trial filed by Anna Williams (ECF No. 9) is **DENIED**.

SIGNED: 08/24/2020.

_____

Jeffrey P. Norman
United States Bankruptcy Judge

---

[20] *In re BP RE, L.P.*, 735 F.3d 279 (5th Cir. 2013).