**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Houtex Builders, LLC, *et al.*[1]<br><br>Debtors. | Case No. 18-34658<br><br>Chapter 11<br><br>Jointly Administered |
| Houtex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HL Builders, LLC f/k/a CD Homes, LLC and Anna Williams,<br><br>Defendants. | Adversary No. 20-03237 |

**PRETRIAL STATEMENT**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs Houtex Builders, LLC ("Houtex"), 2203 Looscan Lane, LLC ("Looscan"), and 415 Shadywood, LLC ("Shadywood" and collectively with Houtex and Looscan, the "Plaintiffs"), by and through their undersigned counsel of record, Defendant HL Builders, LLC f/k/a CD Homes, LLC, by and through its undersigned counsel of record, and Defendant Anna Williams, by and through her undersigned counsel of record, file this Pretrial Statement in accordance with this

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HouTex Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

Court's *Preliminary Pretrial Order* [ECF 3] and state as follows:[2]

**Plaintiffs' Brief Statement of the Theory of Each Cause of Action[3]**

*Houtex Breach of Contract Claim*

Houtex brings this claim for amounts CD Homes is obligated to pay under paragraph 8 of the Investor Agreements for the Thornblade Project and the Lynbrook Project.

*Looscan Breach of Contract Claim*

Looscan brings this claim for amounts CD Homes is obligated to pay under paragraph 8 of the Investor Agreements for the Looscan Project.

*Shadywood Breach of Contract Claim*

Shadywood brings this claim for amounts CD Homes is obligated to pay under paragraph 8 of the Investor Agreements for the Shadywood Project.

*Avoidance of Transfers Under 11 U.S.C. § 548(a)(1)(A)*

Plaintiffs allege that Robert Parker arranged to have numerous third-party financings taken out in the name of the Plaintiffs. The proceeds of these financings were deposited into CD Homes' operating account. Robert Parker, Anna Williams and CD Homes then used these financings proceeds to make member draws to Anna Williams, the wife of Robert Parker and owner of CD Homes. Plaintiffs seek to avoid these member draws as intentional fraudulent transfers.

*Avoidance of Transfers Under 11 U.S.C § 548(a)(1)(B)*

Plaintiffs seek to avoid the member draws made to Anna Williams as constructive fraudulent transfers because the Debtors received no value in exchange for the transfers of its financing proceeds.

*Avoidance of Transfers Under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.005(a)(1)*

Plaintiffs seek to avoid the member draws made to Anna Williams as intentional fraudulent transfers pursuant to the Plaintiffs' strong-arm powers under section 544(b) of the Bankruptcy Code and Tex. Bus. & Com. Code § 24.005(a)(1).

---

[2] Capitalized terms used but not defined in this section have the meanings assigned to such terms in the Amended Complaint [ECF 18].

[3] The following is a summary of the Plaintiff's claims and is not intended to recite every fact relevant to each claim. Plaintiff reserves all of its rights to supplement these statements.

*Avoidance of Transfers Under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.005(a)(2)*

Plaintiffs seek to avoid the member draws made to Anna Williams as constructive fraudulent transfers pursuant to the Plaintiffs' strong-arm powers under section 544(b) of the Bankruptcy Code and Tex. Bus. & Com. Code § 24.005(a)(2).

*Recovery of Transfer Under 11 U.S.C. § 550(a)*

Anna Williams is either the initial transferee, the immediate transfer or the initial transferee or the beneficiary of the member draw transfers that the Plaintiffs seek to avoid. Plaintiffs seek a judgment against Anna Williams in an amount not less than $3,248,289.94 to recover the transfers.

*Avoidance of Transfers Under Texas Uniform Fraudulent Transfer Act*

As a creditor of CD Homes, Plaintiffs seek to recovery the member draws transferred to Anna Williams when the Plaintiffs had claims against CD Homes and while CD Homes was insolvent.

**Plaintiff's Brief Summary of Plaintiff's Contentions of Facts In Support of Causes of Action and the Evidence To Be Relied Upon To Establish Each of the Facts Contended**[4]

| Contention of Fact | Evidence |
|---|---|
| Existence and validity of the Investor Agreements | Investor Agreements and testimony of Charles Foster |
| CD Homes breaches of the Investor Agreements | Closing statements for each of the Projects and testimony of Charles Foster |
| Damages for the Breaches of Investor Agreements | Deeds of trust and other loan documents evidencing the numerous loans taken out on the Projects that have not been satisfied, the closing statements for the Projects, proofs of claims filed in these bankruptcy cases, and testimony of Charles Foster |
| Transfers for Plaintiffs' Financing Proceeds to Anna Williams as Member Draws | CD Home bank account records, deeds of trust and other loan documents evidencing the numerous loans taken out on the Projects |

4 There will likely be additional relevant facts and evidence identified through the discovery process. Plaintiff reserves all of its rights to supplement these statements.

**Defendant's Brief Statement of the Theory of Your Defense(s), Interests, Causes of Action**[5]

*CD Homes, LLC*

CD Homes, LLC ***("CD Homes")*** contends that the Investor Agreements entered into with HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC ***(the "Debtors")*** were modified by the actions and agreement of the parties. CD Homes further contends that it is the Debtors who owe CD Homes monies under the agreements, as modified and ratified by the conduct of the parties, in the amounts funded by CD Homes toward the completion and ultimate sale of each Project. CD Homes contends that Debtors' principal, Charles Foster, individually and as the sole representative of each Debtor, was the direct and proximate cause of substantial delay in the commencement and completion of Projects which resulted in enormous increased costs of carry and ultimate losses on Projects.

CD Homes, LLC contends that the Debtors lacked standing as creditors of CD Homes until, if ever, the closing of the sales of the respective properties. As a result, they lack standing to challenge any transfers made before they acquired creditor standing. Further, the Debtors cannot show that CD Homes was ever insolvent (a necessary element to recovering under the Texas Uniform Fraudulent Transfer Act (TUFTA)). In fact, *res judicata* and collateral estoppel establish that CD Homes was not insolvent for the period when the challenged transfers were made. CD Homes contends that the applicable statutes of limitation and repose bar some of the claims asserted by the Debtors.

*Anna Williams*

Williams contends that the Debtors lacked standing as creditors of CD Homes until CD Homes failed to deliver funds that were allegedly due to the Debtors at the closing of the sale of the respective properties.[6] As a result, they lack standing to challenge any transfers made before they acquired creditor standing. Further, the Debtors cannot show that CD Homes was insolvent, a necessary element to recovering under the Texas Uniform Fraudulent Transfer Act (TUFTA). In fact, *res judicata* and collateral estoppel establish that CD Homes was not insolvent at any time during the period when the challenged transfers were made. Further, the challenged transfers were made in the ordinary course of CD Homes's business. Over the years, Williams paid millions of dollars to the various vendors, subcontractors, and suppliers that provided the labor and materials CD Homes used to build the custom homes that the Debtors, in turn, sold. Most of the challenged transfers were simply repayments of these amounts. And as the sole owner of a business that relied entirely on her credit to fund its operations, she was also entitled to equity distributions and management fees, which were also made in the ordinary course of business. Williams contends that the applicable statutes of limitation and repose bar some of the claims asserted by the Debtors.

---

[5] The following is a summary of the Defendants' positions and is not intended to recite every fact relevant to each position or theory. Defendants reserve all their rights to supplement or amend these statements.

[6] Williams does not waive her arguments that the Debtors have failed to state a claim against her.

**Defendant's Brief Summary of Contentions of Facts In Support of Legal Theories, and the Evidence To Be Relied Upon To Establish Each of the Facts Contended**[7]

*CD Homes, LLC*

| Factual Contention | Supporting Evidence |
|---|---|
| The Investor Agreements were modified | Deeds of trust and other loan documents evidencing the numerous loans taken out on the Projects; Charles Foster's sole decision making conduct; Charles Foster's payment of Project expenses; Judge Eduardo Rodriguez' memorandum opinion dated February 18, 2020 in Case No. 19-32825; *In re HL Builders, LLC; aka CD Homes, LLC, Target Debtor* (p. 23, l. 1-3; p. 24, l. 6-9, 17-20; p. 25, l. 3-14; p. 26; l. 1--12);<br>Robert Parker testimony; and<br>Charles Foster testimony. |
| Construction delay was caused by Charles Foster/Debtors | Judge Eduardo Rodriguez' memorandum opinion dated February 18, 2020 in Case No. 19-32825; *In re HL Builders, LLC; aka CD Homes, LLC, Target Debtor*<br>(p. 25, l. 9-14; p. 26; l. 1-2, 8-12);<br>Robert Parker testimony; and<br>Charles Foster testimony. |
| CD Homes' principal, Anna Williams, used her credit to pay the costs that CD Homes and the Debtors incurred with its subcontractors, vendors, and suppliers on the Projects | Invoices and credit card statements including summary evidence of same previously furnished to Plaintiffs |
| CD Homes was not insolvent during the period when the challenged transfers were made. | Financial records, bank accounts, general ledger, all of which have previously been furnished to Plaintiffs. |
| The challenged transfers made in the ordinary course of dealing. | Bank account records and general ledger. |
| The Debtors did not potentially become creditors of CD Homes until the closing on the sales of the respective properties. | The Investor Agreements; Project closing statements; and Judge Eduardo Rodriguez' memorandum opinion dated February 18, 2020 in Case No. 19-32825; *In re HL Builders, LLC; aka CD Homes, LLC, Target Debtor*<br>(p. 19, l. 7-9, 17-19; P. 20, l. 1-5). |

[7] There will likely be additional relevant facts and evidence identified through the discovery process. Defendants reserve all their rights to supplement or amend these statements.

*Anna Williams*

| Factual Contention | Supporting Evidence |
| --- | --- |
| Williams used her credit to pay the costs that CD Homes incurred with its subcontractors, vendors, and suppliers on the Projects. | Invoices and credit card statements, including summary evidence of same, and testimony. |
| CD Homes paid Williams management fees in the ordinary course of its business. | Financial records, bank accounts, general ledger, and testimony. |
| CD Homes was not insolvent during the period when the challenged transfers were made. | Financial records, bank accounts, general ledger, and testimony. |
| The challenged transfers constituted repayments of advanced funds, management fees, and equity distributions made in the ordinary course of dealing. | Bank account records, general ledger, and testimony. |
| The Debtors did not become creditors of CD Homes until the closing on the sale of the respective properties. | The Investor Agreements and testimony. |

**Statement of Admitted and Uncontested Facts.**

Houtex, Shadywood, and Looscan are special-purpose entities set up to build one or more multimillion-dollar homes.

CD Homes is a home construction company. Anna Williams is the owner of CD Homes. Anna Williams' husband, Robert Parker, is a consultant for and advisor to CD Homes. Hampton Lane Builders is owned by Anna Williams

During 2013 and 2014, Houtex, Shadywood and Looscan entered into sets of contracts related each of the Lynbrook Project, the Thornblade Project, the Shadywood Project, and the Looscan Project. Each set of contracts establishes the terms of the construction and financing of a single-family home. Each set of contracts includes an investor agreement which establishes how each Project is financed and provides that there will be a construction loan and an equity loan in connection with each Project.

During the period from 2014 to sometime between late 2017 to early 2018, Parker acted as an agent of Houtex, Shadywood, and Looscan.[8]

Certain financings were entered into by Houtex, Shadywood or Looscan and used in connection with the Projects as follows:

a. $1.6 Million Spirit of Texas Bank Note: Houtex entered into loan with Spirit of Texas Bank ("SOTB") in the amount of $1.6 million (the "$1.6 Million SOTB Note") dated May 30, 2014. Robert Parker admitted that the proceeds of the $1.6 Million SOTB Note

8 Whether Robert Parker acted as agent intermittently or all of the time is a disputed fact. See Statement of Contested Facts below.

were used to fund expenses for the Projects as follows: (i) 3 Thornblade (owned by Houtex) in the amount of $467,635.43, (ii) 2203 Looscan in the amount of $20,000, and (iii) 415 Shadywood in the amount of $406,323.41.

b. $500,000 Spirit of Texas Bank Line of Credit. Houtex entered into a $500,000 line of credit from Spirit of Texas Bank (the "SOTB LOC") dated October 21, 2015. The SOBT LOC had $483,754.90 in principal and interest outstanding as of the date Houtex filed its voluntary petition for bankruptcy relief.

c. $387,254.71 Great Southwest Financial Corporation Loan. Houtex entered into a deed of trust in favor of Great Southwest Financial Corp. ("GSFC") in the amount of $230,000, dated July 2, 2014, recorded July 18, 2018 and secured by 3 Thornblade. Houtex entered into deed of trust in favor of GSFC in the amount of $126,500, dated February 5, 2015, recorded on July 18, 2018, and secured by 3 Thornblade.

d. $783,000 in Loans with Hmaidan & Hmiadan. Houtex entered into a deed of trust in favor of Hmaidan & Hmiadan, LLC ("Hmaidan") in the amount of $385,000, dated March 16, 2017, recorded March 16, 2017, and secured by Lynbrook. Houtex entered into a deed of trust in favor of Hmaidan in the amount of $385,000, dated May 9, 2017, recorded May 10, 2017, and secured by Lynbrook. These two deeds of trust were rolled into a deed of trust in favor of Hmaidan in the amount of $783,000 secured by Looscan.

e. $347,600 Loan with Pensco Trust Company LLC. Shadywood entered into a deed of trust in favor of Pensco Trust Company LLC Custodian FBO Herbert Andrew Chiles (Dec'd) IRA ("Pensco") in the amount of $347,600, dated June 15, 2017, recorded May 10, 2018, and secured by Shadywood.

For the period from August 23, 2014 to August 23, 2018, the Petition Date, CD Homes transferred funds to Anna Williams. The CD Homes bank records reflect the timing and the amount of the particular transfers.

Each of the Lynbrook Project, the Thornblade Project, the Shadywood Project, and the Looscan Project has sold.

*FG#Krp hv/#OOF#*

CD Homes' answer to the amended complaint is not yet due. CD Homes admits that Anna Williams is the 100% owner of CD Homes. CD Homes admits that Williams is married to Robert F. Parker.

*Anna Williams*

Williams answer to the amended complaint is not yet due. Williams admits that she is the 100% owner of CD Homes. Williams admits that she is married to Robert F. Parker. Williams admits that the challenged transfers represented the repayment of advanced expenses and earned management fees.

**Statement of Contested Facts.**

Whether Lily Foster, the wife of Charles Foster, is a member and manager of each Houtex, Shadywood and Looscan.

Whether during the period from 2014 to sometime between late 2017 to early 2018, Parker acted as an agent of Houtex, Shadywood, and Looscan intermittently or all of the time.

Whether the SOTB LOC was secured by 3 Thornblade.

Whether Houtex entered into a deed of trust in favor of Jim D. Nored ("Nored") in the amount of $339,000, dated May 13, 2013, recorded May 22, 2018 and secured by Lynbrook.

Whether Houtex entered into a deed of trust in favor of Nored in the amount of $90,000, dated December 23, 2014, recorded May 22, 2018 and secured by Lynbrook.

Whether Shadywood entered into a deed of trust in favor of Nored in the amount of $224,000, dated September 29, 2017, recorded August 8, 2018 and secured by Lynbrook.

Whether Shadywood entered into a deed of trust in favor of Nored in the amount of $118,500, dated September 29, 2017 recorded August 8, 2018 and secured by Lynbrook.

Whether Houtex entered into a deed of trust in favor of Hampton Lane Builders in the amount of $216,050, dated March 31, 2014 and recorded on December 15, 2017.

Whether the proceeds of the construction loans, the equity loans and the third-party loans were transferred to CD Homes' operating account.

Whether for the period from August 23, 2014 to August 23, 2018, CD Homes made member draws to Anna Williams totaling at least $3,248,289.94.

Whether the original terms of the contracts or investor agreements between each Houtex, Shadywood and Looscan, on the one hand, and CD Homes, on the other hand, were ever modified.

Whether amounts placed in the CD Homes "suspense account" were from the Plaintiffs' financing proceeds.

Whether the source of the transfers to Williams was the Plaintiff's financing proceeds.

Whether the transfers to Anna Williams are member draws.

Whether Charles Foster began paying expenses for the Projects directly starting at the beginning of 2018.

Whether prior to Charles Foster paying the Project expenses, CD Homes paid the Project expense directly.

CD Homes and Williams contest Debtors' creditor status prior to the closing on the sale of the respective properties. CD Homes and Williams contest the insolvency of CD Homes. CD Homes and Williams contest that any of the funds distributed to her by CD Homes belonged to the Debtors. CD Homes and Williams contest the allegation that Debtors received less than reasonably equivalent value in exchange for the transfers in dispute. CD Homes and Williams contest the allegations that any distributions made to Williams by CD Homes were made with an actual intention to hinder, delay, or defraud Plaintiffs. CD Homes contests any allegation that distributions made to Williams by CD Homes were not made in the ordinary course of business.

**Statement of Contested Legal Issues.**

*Anna Williams*

Williams contests the Debtors' standing to challenge transfers from CD Homes to Williams under 11 USC §§ 544, 548, and 550. Williams contests any *res judicata* or collateral estoppel effect of any ruling on her proofs of claim as dispositive of any issue in this case.

*CD Homes, LLC*

CD Homes contests the Debtors' standing to challenge transfers from CD Homes to Williams under 11 USC §§ 544, 548, and 550. CD Homes contests any *res judicata* or collateral estoppel effect of any ruling on proofs of claim as dispositive of any issue in this case. CD Homes contends that the parties modified their agreements.

**A List and Description of Any Motions Pending or Contemplated and Any Special Issues Appropriate For Determination In Advance of Trial on the Merits.**

Williams has filed or anticipates filing a motion to dismiss the Debtors' claims under Rule 12(b)(6) because the Debtors lack standing to challenge transfers from CD Homes to Williams under 11 USC §§ 544, 548, and 550, and because the Debtors did not acquire the creditor status required to bring claims under the TUFTA until the closing on the sale of the respective properties, all of which occurred after the challenged transfers. Williams has filed or anticipates filing a motion requesting the Court to reconsider its order denying the motion to withdraw the reference. Williams anticipates filing a motion for summary judgment challenging the Debtors to show some evidence that CD Homes was insolvent at the time of the challenged transfers and that the challenged transfers were not made in the ordinary course of business for equivalent value received.

Respectfully submitted,

*/s/ Charles M. Rubio*
PARKINS LEE & RUBIO LLP
Charles M. Rubio P.C.
TX Bar No. 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: crubio@parkinslee.com

*Proposed Special Counsel to the Plaintiffs*

*/s/ John H. McFarland*
John H. McFarland
Texas State Bar No. 00794270
Federal ID No. 19423
jmcfarland@jmlawyers.com
JOYCE + MCFARLAND LLP
712 Main Street, Suite 1500
Houston, Texas 77002
Tel 713.222.1114 | Fax 713.513.5577

*Attorneys For Defendant Anna Williams*

Respectfully submitted,

*/s/ Richard L. Fuqua*
Richard L. Fuqua
Texas State Bar No. 07552300
Federal ID No. 4546
rlfuqua@fuqualegal.com
FUQUA & ASSOCIATES, P.C.
8558 Katy Freeway, Suite 119
Houston, Texas 77024
Tel 713.960-2077 | Fax 713.960-1064

*Attorneys For Defendant CD Homes, LLC*