IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.   18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| _____ | § | Jointly Administered |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

## ANNA WILLIAMS'S MOTION TO DISMISS FOR
## FAILURE TO STATE A CLAIM AND LACK OF STANDING

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

Anna Williams moves to dismiss certain claims asserted against her in the Amended Complaint (Doc. 18) filed by HouTex Builders, LLC (HouTex), 2203 Looscan Lane, LLC (Looscan), and 415 Shadywood, LLC (Shadywood) (together, the Debtors).

1. **The Debtors have failed to state a claim as to the claims they assert under 11 USC §§ 544, 548, and 550.**

Williams moves to dismiss Counts IV, V, VI, VII, and VIII because those claims rely on statutes enabling the debtor to avoid transfers of the debtor's funds or assets; they do not contemplate avoiding transfers made by a third party like CD Homes to its equity member. *See* 11 U.S.C. § 544(b) ("[T]he trustee may avoid any transfer of an interest of the debtor . . ."); 11 U.S.C. § 548(a)(1) ("The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor . . ."). The claim stated under Section 550 is collateral to the failed §§ 544 and 548 claims. 11 U.S.C. § 550(a). Accordingly, the Debtors have failed to state a cognizable claim under those statutes.

2. **The Debtors have failed to state a claim as to the claims they assert under the Texas Uniform Fraudulent Transfer Act because they lack creditor standing.**

Similarly, the Debtors lack creditor standing to assert claims under the Texas Uniform Fraudulent Transfer Act (Counts VI, VII, and IX (incorrectly labeled IV)) as to any claims based on transfers alleged to have occurred more than "a reasonable time" before the Debtors had any cognizable claim against CD Homes. TEX. BUS. & COMM. CODE § 24.005(a) ("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose *before or within a reasonable time after* the transfer was made or the obligation was incurred . . ." (emphasis added)); *see Renate Nixdorf GmbH v. Midland Inv'rs, LLC*, No. 05-14-01258-CV, 2016 Tex. App. LEXIS 4508, at *16 (Tex. App.—Dallas Apr. 28, 2016) (affirming dismissal of TUFTA claim for lack of creditor standing). Debtors seek to claw back years of payments to Williams, including

2

management fees and reimbursements paid as far back as 2014: well before Debtors claim to have become creditors. Accordingly, they lack standing as creditors to prosecute their TUFTA claims and the Court should dismiss those claims.

### a. The Debtors fail to state claims under TUFTA for any transfers alleged to have occurred well before the Debtors had creditor status.

The Debtors' claims of breach focus on CD Homes's alleged failure to pay out the minimum profits upon the closing of the sales of the subject properties:

> 44. Paragraph 8 of the Investor Agreements establish how the net proceeds of the sale of the Projects are to be distributed at closing. Paragraph 8 of each Investor Agreement provides: "If Net Proceeds are less than the amount required to make the first through the sixth payments listed above, then [CD Homes] is to provide at closing the funds necessary to make up for the shortfall."

Amended Complaint at ¶ 44. But those claims did not accrue until the closing on the sale of the Projects. The Debtors allege that the Looscan Project closed on January 4, 2019:

> 45. **On or around January 4, 2019**, the Looscan Project closed in an amount that did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement. See Exhibit P, Looscan Closing Statement.

Amended Complaint at ¶ 45. The Debtors allege that the Shadywood Project closed on January 14, 2019:

> 46. **On or around January 14, 2019**, the Shadywood Project closed in an amount that did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement. See Exhibit Q, Shadywood Closing Statement.

Amended Complaint at ¶ 46. The Debtors allege that the Thornblade Project closed on December 11, 2018:

> 47. **On or around December 11, 2018**, the Thornblade Project closed in an

amount that did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement. See Exhibit R, Thornblade Closing Statement.

Amended Complaint at ¶ 47. The Lynbrook Project closed on December 5, 2019:

> 48. **On or about December 5, 2019**, the Lynbrook Project closed in an amount that did not produce enough Net Proceeds to pay the amounts due by CD Homes under paragraph 8 of the Investor Agreement.

Amended Complaint at ¶ 48. Accordingly, the Debtors lacked creditor status for any transfers alleged to have been made more than a reasonable time before the closing dates that form the basis of the Debtors' status as creditors, respectively. For Looscan, that would apply to all transfers occurring before January 4, 2019. For Shadywood, that would apply to all transfers occurring before January 14, 2019. For HouTex, that would apply to all transfers occurring before December 11, 2018. Debtors seek to avoid transfers as early as 2014. Adversary Complaint at ¶ 39. Williams moves to dismiss the fraudulent transfer claims stated against her for any transfers alleged to have been made before the closing dates that form the basis of the Debtors' status as creditors, respectively. Williams submits that this applies to all the Debtors' claims.

### b. The Debtors creditor status based on CD Homes's alleged failure to fund Project costs fails because they do not seek to recover any monies from CD Homes based on that alleged breach.

The Debtors claim could arguably claim creditor status as to CD Homes through another claimed breach of the subject agreements, which they allege occurred "at the beginning of 2018." Amended Complaint at ¶ 42. The Debtors allege that CD Homes failed to fund Project costs as obliged under the Investor Agreements:

> 42. **At the beginning of 2018**, Charles Foster began writing checks to cover the costs of the Projects directly. Prior to this time, CD Homes paid these costs directly, but at the beginning of 2018 CD Home refused to perform its obligations under the Investor Agreements to pay these costs.

Amended Complaint at ¶ 42. But the Debtors do not seek to recover any monies against CD Homes under this theory of breach of contract. *See* Amended Complaint at Conclusion, ¶¶ a-c. Accordingly, they lack creditor status as to these claims and cannot state a claim under the Texas Uniform Fraudulent Transfer Act based on those alleged claims against CD Homes. Williams moves to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

At a minimum, the Debtors lacked "creditor" standing on this basis until "the beginning of 2018;" they lacked any arguable creditor standing before that date. Williams moves to dismiss the claims seeking to avoid any transfers occurring more than a reasonable time before the beginning of 2018 because they lacked standing as a creditor, a necessary predicate to their claims under the Texas Uniform Fraudulent Transfer Act.

## CONCLUSION

Anna Williams asks the district court to dismiss Counts IV, V, VI, VII, VIII, and IX with prejudice, and for any other relief to which she is entitled.

Respectfully submitted,

    */s/ John H. McFarland*
John H. McFarland
Texas State Bar No. 00794270
Federal ID No. 19423
jmcfarland@jmlawyers.com

JOYCE + MCFARLAND LLP
712 Main Street, Suite 1500
Houston, Texas 77002
Tel 713.222.1114 | Fax 713.513.5577

ATTORNEYS FOR DEFENDANT
ANNA WILLIAMS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was forwarded by ECF and/or regular United States mail, postage prepaid, on September 2, 2020 to the parties listed below.

Charles M. Rubio | crubio@parkinslee.com
Parkins Lee & Rubio LLP
50 Main St. Suite 1000
White Plains, NY 10606
Tel 212.763.3331
Cell 646.419.0181
Fax 212.763.3399

Brian Hogue | Brian.hogue@diamondmccarthy.com
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010

Richard L. Fuqua | rlfuqua@fuqualegal.com
Fuqua & Associates, P.C.
8558 Katy Freeway, Suite 119
Houston, Texas 77024
Tel 713.960.0277 | Fax 713.960.1064

/s/ John H. McFarland
John H. McFarland