IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| | § | |
| _____ | § | Jointly Administered |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

### ANNA WILLIAMS'S MOTION TO RECONSIDER THE COURT'S ORDER DENYING HER MOTION TO WITHDRAW THE REFERENCE

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

Anna Williams moves the Court to reconsider its order (Doc. 24) denying her motion to withdraw the reference (Doc. 9) because state law claims and non-core matters predominate the Amended Complaint filed by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (the Debtors).[1] Accordingly, her constitutionally protected right to a jury trial prevails. The Court can, should, and indeed must reconsider the motion and, upon reconsideration, recommend that the District Court withdraw the reference as to the Debtors' claims.

## REPLY

1. **Black-letter Supreme Court precedent holds that the Bankruptcy Court lacks jurisdiction over a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.**

The Debtors ask this Court to trample Williams's right to a jury trial on the pretense that she waived her constitutionally protected right by filing proofs of claim in the bankruptcy proceeding. In that effort, they ask the Court to ignore clear precedent from the United States Supreme Court. In *Stern v. Marshall*, the U.S. Supreme Court held that the bankruptcy court lacked authority under Article III to enter final judgment on a widow's tortious interference counterclaim, which she asserted in response to her stepson's defamation claim against her bankruptcy estate, even though the counterclaim was a core proceeding under the Bankruptcy Act. *Stern v. Marshall*, 564 U.S. 462 (2011). The Court

---

[1] Williams does not waive her arguments that the Debtors have failed to state a claim against her.

noted that the widow's counterclaim arose under state common law and was between two private parties, it did not flow from federal statutory scheme and was not matter of public right, and it would not necessarily be resolved by the process of ruling on her stepson's proof of claim in the bankruptcy proceedings. *Id.* at 487-99. The Court distilled the controlling inquiry: "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 499. Here, Williams filed three proofs of claim seeking to recover discrete monies she paid for fixtures installed at the properties owned by the Debtors, claims totaling less than $100,000. The Debtors' claims, in contrast, seek to claw back years of distributions to equity and reimbursements totaling millions of dollars. Because resolving the claims made in the proofs of claim would have no bearing whatsoever on the Debtors' claims, the Court cannot find that Williams waived her right to a jury trial on the claims by filing her proofs of claim. The U.S. Supreme Court has clearly held that a bankruptcy court "lack[s] the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* at 503.

2. **Debtors' case law undermines their position.**

Debtors argue that Williams waived her constitutional rights by filing of a proof of claim in this bankruptcy proceeding. As the Debtors' case law makes clear, however, Williams has only waived her Seventh Amendment right to a jury trial "if the trustee subsequently objects to the claim or seeks some other affirmative relief relating to the claim." *In re Endeavour Highrise L.P.*, 425 B.R. 402, 407–08 (Bankr. S.D. Tex. 2010)

(emphasis added).

This axiom is grounded in the notion that a claimant has only a legal – and not an equitable – right to trial by jury. The equitable act of filing a claim in a bankruptcy subjects the claimant to the bankruptcy court's jurisdiction and disposes of the claimant's Seventh Amendment right to a jury trial as to that claim and corollary preference determinations. *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). ("In other words, the creditor's claim and the ensuing *preference action by the trustee* become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." (emphasis added)).

However, "unless Congress may and has permissibly withdrawn jurisdiction over that action by courts of law and assigned it exclusively to non-Article III tribunals sitting without juries, the Seventh Amendment guarantees petitioners a jury trial upon request." *Granfinanciera v. Nordberg*, 492 U.S. 33, 49 (1989) ("Respondent's *fraudulent conveyance action* plainly seeks relief traditionally provided by law courts or on the law side of courts having both legal and equitable dockets." (emphasis added)). Debtors cite no authority holding that merely filing a bankruptcy claim absolutely waives the claimant's Seventh Amendment right.

Here, Debtors' claim against Williams seek to avoid member distributions and reimbursements to Williams; they do not relate to the discrete monies Williams seeks through her proofs of claim, which seek to recover monies expended on fixtures installed

4

in the Projects. There is a proper venue in which Debtors may litigate their fraudulent transfer claims while respecting Williams's Seventh Amendment right: the District Courts of Harris County or, in the alternative, in the District Courts for the Southern District of Texas.

3. **Debtors' only viable claim is a state law fraudulent transfer claim.**

Debtors' current Adversary Complaint, as amended (Doc. 18), purports to bring claims under 11 U.S.C §§ 548(a), 544(b), & 550(a). But where those statutes address avoiding transfers of *the debtor's* funds or assets, the Debtors here seek to avoid member distributions and reimbursements made by CD Homes to Williams. Williams has moved to dismiss those claims.

The Debtors bring state law fraudulent transfer claims that are wholly unrelated to Williams' claims in the bankruptcy. As explained above, the Bankruptcy Court does not have jurisdiction to resolve this dispute. This adversary proceeding concerns a dispute between Texas entities and a Texas individual over distributions and reimbursements to that individual from another Texas entity. Accordingly, the Court should abstain from hearing this proceeding and allow a Texas court to hear the case. In the alternative, the District Court should withdraw the reference and preserve Williams's Seventh Amendment right.

4. **The Court exceeded its powers when it denied Williams's motion to withdraw the reference rather than issue findings and a recommendation to the District Court.**

Alternatively, the Court should reconsider its order on purely procedural grounds.

Under the controlling guidelines, the Bankruptcy Court lacks authority to enter orders on a Motion to Withdraw the Reference; it is only permitted to prepare findings of fact and conclusions of law and to issue its recommendation as to whether the District court should grant or deny the motion. Southern District of Texas General Order No. 2011-12 ("Motions to withdraw the reference must be first submitted to the bankruptcy judge for a recommendation to the district court."). Accordingly, and at a minimum, the Court should withdraw its order, issue findings of fact and conclusions of law, and issue its recommendation to the District Court.

## CONCLUSION

Anna Williams asks this Court to reconsider its order denying the motion to withdraw the reference and, upon reconsideration, prepare a recommendation to the district court that it withdraw the reference as to all claims and issues in this adversary proceeding, permitting the parties to adjudicate this action in district court, to abstain from exercising jurisdiction over this matter, to grant her constitutional right to a trial by jury as to all issues so triable, and for any other relief to which she is entitled.

Respectfully submitted,

/s/ John H. McFarland
John H. McFarland
Texas State Bar No. 00794270
Federal ID No. 19423
jmcfarland@jmlawyers.com
JOYCE + MCFARLAND LLP
712 Main Street, Suite 1500
Houston, Texas 77002

6

Tel 713.222.1114 | Fax 713.513.5577

ATTORNEYS FOR DEFENDANT
ANNA WILLIAMS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was forwarded by ECF on September 2, 2020 to the parties listed below.

Charles M. Rubio | crubio@parkinslee.com
Parkins Lee & Rubio LLP
50 Main St. Suite 1000
White Plains, NY 10606
Tel 212.763.3331
Cell 646.419.0181
Fax 212.763.3399

Brian Hogue | Brian.hogue@diamondmccarthy.com
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010

Richard L. Fuqua | rlfuqua@fuqualegal.com
Fuqua & Associates, P.C.
8558 Katy Freeway, Suite 119
Houston, Texas 77024
Tel 713.960.0277 | Fax 713.960.1064

          */s/ John H. McFarland*
          John H. McFarland