IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.   18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| | § | Jointly Administered |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

## CD HOMES, LLC'S ANSWER TO AMENDED ADVERSARY COMPLAINT

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

Subject to its motion to withdraw the reference and to abstain, Defendant HL Builders, LLC f/k/a CD Homes, LLC (*"Defendant"*), files this answer to the Adversary Complaint as amended (*"Complaint"*) *[Dkt. 18]* filed by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (*"Debtors"* or *"Plaintiffs"*).

## ANSWER

1.      Defendant admits that this is an adversary proceeding as alleged in paragraph 1 of the Complaint.  Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

1

2.      Defendant admits that these bankruptcy cases are jointly administered as alleged in paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Regarding paragraph 5 of the Complaint with respect to Federal Rule of Bankruptcy Procedure 7008, Defendant does not consent to the entry of a final order or judgment by the Bankruptcy Court in this matter.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.   For further answer, Defendant does not consent to the entry of a final order or judgment by the Bankruptcy Court in this matter.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.      Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.      Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.      Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.      Defendant denies the allegations contained in the first sentence of paragraph 13 of the Complaint.   For further answer, Defendant responds that each individual debtor was in the business of investing, contracting for services and ultimately dividing profits with Defendant. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of the Complaint; therefore, for pleading purposes, they are denied.

14.    Defendant admits that it is a home construction company, that Anna Williams is the owner of CD Homes, LLC and that William's husband, Robert Parker, is a consultant for CD Homes as alleged in paragraph 14 of the Complaint.   Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint as worded.   For further answer, Defendant responds that Charles Foster through numerous entities began doing business with CD Homes and that Robert Parker, a consultant for CD Homes, was the representative of CD Homes with whom Foster dealt.

16.    Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.    Defendant admits that the allegations contained in paragraph 17 of the Complaint reflect the original intention and agreement of the parties with respect to the construction and financing of the projects.   However, by action and agreement of the parties, the precepts of these two agreements were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    Defendant admits that the allegations contained in paragraph 18 of the Complaint reflect the original intention and agreement of the parties with respect to the initial acquisition and equity for the projects.   However, by action and agreement of the parties, the precepts of these two agreements were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant admits that the allegations contained in paragraph 19 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to provide any funds in excess of the construction and equity loan for each project.

3

However, by action and agreement of the parties, the precepts of these two agreements were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    Defendant admits that the allegations contained in paragraph 20 of the Complaint reflect the original intention and agreement of the parties with respect to the distribution of net proceeds at closing after each Project is sold. However, by action and agreement of the parties, the precepts of these two agreements were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.    Defendant admits that the allegations contained in paragraph 21 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to provide any funds in excess of the construction and equity loan for each Project and a $50,000 payment to the respective Debtor upon the sale of each Project. However, by action and agreement of the parties, the precepts of these two agreements were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant admits the allegations contained in paragraph 23 of the Complaint. For further answer, Defendant responds that the non-dischargeable default judgment entered against Robert F. Parker resulted from Parker's inability to retain counsel to appear and defend against the allegations asserted by Finger Interests Number One, Ltd.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.    Defendant admits the allegations contained in the first and third sentences of

4

paragraph 26 of the Complaint.   Defendant denies the remaining allegations contained in paragraph 26 of the Complaint as worded.

27.     Defendant admits the allegations contained in the first and fourth sentences of paragraph 27 of the Complaint.   Defendant denies the remaining allegations contained in paragraph 27 of the Complaint as worded.

28.     Defendant admits the allegation contained in paragraph 28 of the Complaint that Debtors have filed an omnibus objection to the three claims.   Defendant denies the remaining allegations contained in paragraph 28 as worded.

29.     Defendant admits the allegations contained the first, second, seventh, and tenth sentences of paragraph 29 of the Complaint.   Defendant denies the remaining allegations contained in paragraph 29 of the Complaint as worded.   For further answer, Defendant responds that during the trial held with respect to the involuntary chapter 11 proceeding under Case Number 19-32825, *In re HL Builders, LLC f/k/a CD Homes, LLC, Alleged Debtor,* CD Homes elicited the testimony of Robert Parker and offered documentation specifically supporting CD Homes' claims.

30.     Defendant admits the allegations contained paragraph 30 of the Complaint that CD Homes filed unsecured claims including Claim No. 4-1, 5-1, 6-1 and 7-1 in the Shadywood case and that Debtors filed an omnibus objection.   Defendant denies the remaining allegations contained in paragraph 30 as worded.

31.     Defendant admits the allegations contained paragraph 31 of the Complaint that CD Homes filed unsecured claims including Claim No. 3-1 and 4-1 in the Looscan case and that Debtors filed an omnibus objection.   Defendant denies the remaining allegations contained in paragraph 31 as worded.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint as

5

worded.  For further answer, Defendant admits that Robert Parker, as Foster's and Plaintiffs' agent, and following Foster's instructions, arranged loans for Foster and Plaintiffs.

33.     Defendant denies the allegations contained in the first sentence of paragraph 33 of the Complaint as worded.  For further answer, Defendant responds that in the ordinary course of business, CD Homes routinely deposited proceeds received from the construction, equity, and third-party loans into CD Homes' operating account.  Defendant denies the allegations contained in the second sentence of paragraph 33 of the Complaint.  Defendant denies the allegations contained in the third sentence of paragraph 33 of the Complaint as worded.  Defendant denies the allegations contained in the fourth sentence of paragraph 33 of the Complaint.  Defendant further answers that funds in the CD Homes' operating account were used to pay Plaintiffs' debts and legitimate operating expenses.  Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint as worded.  For further answer, Defendant responds that Robert Parker, as Foster's and Plaintiffs' agent, and following Foster's instructions, arranged loans for Foster and Plaintiffs.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint as worded.  For further answer, Defendant responds that CD Homes repaid Williams for payments made by Williams for the benefit of Plaintiffs and CD Homes.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint as worded.  For further answer, Defendant responds that it utilized a suspense account as part of its bookkeeping methodology, although the suspense account did not exist as an actual account with any financial institution.

37.     Defendant is without sufficient information to either admit or deny the allegations

contained in paragraph 37 of the Complaint.   Therefore, for pleading purposes, they are denied. For further answer, Defendant admits that CD Homes' Community Bank register reflects various deposits and transfers between July 1, 2014 and February 12, 2018.

38.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 38 of the Complaint.   Therefore, for pleading purposes, they are denied.

39.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 39 of the Complaint.   Therefore, for pleading purposes, they are denied. For further answer, Defendant responds that CD Homes repaid Williams for payments made by Williams for the benefit of Plaintiffs and CD Homes.   Defendant further answers that funds in the CD Homes' operating account were used to pay Plaintiffs' debts and legitimate operating expenses.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint as worded.   For further answer, Defendant responds that it utilized a suspense account as part of its bookkeeping methodology, although the suspense account did not exist as an actual account with any financial institution.

41.     Paragraph 41 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 41, Defendant denies same.

42.     Defendant admits the allegation contained in the first sentence of paragraph 42 that Charles Foster wrote some checks to cover the costs of the Projects directly and denies the remainder of the allegations contained in that sentence as worded.   Defendant admits the allegation contained in the second sentence of paragraph 42 that CD Homes paid other Project costs directly and denies the remainder of the allegations contained in that sentence as worded. Defendant is without sufficient information to either admit or deny the allegations contained in the

third sentence of paragraph 42; therefore, for pleading purposes, they are denied.

43.     Defendant denies the allegation contained in paragraph 43 that CD Homes refused to honor its obligation under the Investor Agreements.   Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 43 of the Complaint.   Therefore, for pleading purposes, those allegations are denied.

44.     Defendant admits that the allegations contained in paragraph 44 of the Complaint reflect the original intention and agreement of the parties with respect to how the net proceeds of the sale of the Projects were to be distributed at closing.   However, by action and agreement of the parties, the precepts of these two agreements were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant admits the allegations contained in paragraph 45 of the Complaint that the Looscan Project closed on or around January 4, 2019 and that the amount funded at closing did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 45 of the Complaint.   For further answer, Defendant responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

46.     Defendant admits the allegations contained in paragraph 46 of the Complaint that the Shadywood Project closed on or around January 14, 2019 and that the amount funded at closing did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of

the parties' agreed modifications, Defendant denies the allegations contained in paragraph 46 of the Complaint.   For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

47.   Defendant admits the allegations contained in paragraph 47 of the Complaint that the Thornblade Project closed on or around December 11, 2018 and that the amount funded at closing did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 47 of the Complaint.   For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

48.   Defendant admits the allegations contained in paragraph 48 of the Complaint that the Lynbrook Project closed on or around December 5, 2019 and that the amount funded at closing did not produce enough Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 48 of the Complaint.   For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

49.   Paragraph 49 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 49, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 49 of the Complaint.

50.   Defendant denies the allegations contained in paragraph 50 of the Complaint as

worded.   For further answer, Defendant responds that the Investor Agreements for Lynbrook and Thornblade, as modified by the action and agreement of the parties, are valid and binding contracts between Plaintiff HouTex and Defendant CD Homes.

51.   Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.   Defendant admits that the allegations contained in paragraph 52 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes to bring to the closing of the Thornblade Project and the Lynbrook Project all funds sufficient to pay the amounts required under paragraph 8 of each of the Investor Agreements including amounts required under paragraph 6 of the Investor Agreements to fund the construction costs in excess over the construction loan and equity loan.   However, by action and agreement of the parties, the precepts of these two agreements were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.   Defendant admits the allegations contained in paragraph 53 of the Complaint that when the Thornblade Project closed, there were insufficient Net Proceeds to pay the amounts as required under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 53 of the Complaint.   For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

54.   Defendant is without sufficient information to admit or deny the allegations contained in paragraph 54 of the Complaint; therefore, for pleading purposes, they are denied.

55.   Defendant admits the allegations contained in paragraph 55 of the Complaint that

when the Thornblade Project closed, the $50,000 guaranteed under the Investor Agreement as originally intended and agreed upon by the parties was not paid.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 55 of the Complaint.   For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

56.   Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.   Defendant admits the allegations contained in paragraph 57 of the Complaint that when the Lynbrook Project closed, there were insufficient Net Proceeds to pay the amounts required under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 57 of the Complaint.   For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

58.   Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 58 of the Complaint.   Therefore, for pleading purposes, those allegations are denied.

59.   Defendant admits the allegations contained in paragraph 59 of the Complaint that when the Lynbrook Project closed, the $50,000 guaranteed under the Investor Agreement as originally intended and agreed upon by the parties was not paid.   However, by action and agreement of the parties, the precepts of the Investor Agreement were modified.   As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 59 of

11

the Complaint. For further answer, Defendant responds that neither Foster nor HouTex made any written demand for payment by CD Homes prior to the instant Complaint.

60. Defendant denies the allegation contained in paragraph 60 of the Complaint.

61. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 61 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in paragraph 64 of the Complaint, Defendant denies same.

65. Paragraph 65 of the Complaint does not contain any allegations of fact; therefore, no response is required. To the extent that any factual allegations are contained in paragraph 65 of the Complaint, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 65 of the Complaint.

66. Defendant denies the allegation contained in paragraph 66 of the Complaint as worded. For further answer, Defendant responds that the Looscan Investor Agreement, as modified by the action and agreement of the parties, is a valid and binding contract between Plaintiff Looscan and Defendant CD Homes.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant admits that the allegations contained in paragraph 68 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Looscan Investor Agreement to bring to closing all funds sufficient to pay

the amounts required under paragraph 8 of the Looscan Investor Agreement including amounts required under paragraph 6 of the Looscan Investor Agreement to fund the construction costs in excess over the construction loan and equity loan. However, by action and agreement of the parties, the precepts of this agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 68 of the Complaint. For further answer, Defendant responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

69.    Defendant admits the allegations contained in paragraph 69 of the Complaint that when the Looscan Project closed, there were insufficient Net Proceeds to pay the amounts required under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. However, by action and agreement of the parties, the precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 69 of the Complaint. For further answer, Defendant responds that neither Foster nor Looscan made any written demand for payment by CD Homes prior to the instant Complaint.

70.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 70 of the Complaint; therefore, for pleading purposes, they are denied.

71.    Defendant admits the allegations contained in paragraph 71 of the Complaint that when the Looscan Project closed, the $50,000 guaranteed under the Investor Agreement as originally intended and agreed upon by the parties was not paid. However, by action and agreement of the parties, the precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 71 of the Complaint. For further answer, Defendant responds that neither Foster nor Looscan made any

written demand for payment by CD Homes prior to the instant Complaint.

72.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 72 of the Complaint.   Therefore, for pleading purposes, those allegations are denied.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Paragraph 75 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 75, Defendant denies same.

76.     Paragraph 76 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 76, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in paragraph 77 of the Complaint as worded.  For further answer, Defendant responds that the Shadywood Investor Agreement, as modified by the action and agreement of the parties, is a valid and binding contract between Plaintiff Shadywood and Defendant CD Homes.

78.     Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.     Defendant admits that the allegations contained in paragraph 79 of the Complaint reflect the original intention and agreement of the parties with respect to the initial obligation of CD Homes under the Shadywood Investor Agreement to bring to closing all funds sufficient to pay the amounts required under paragraph 8 of the Shadywood Investor Agreement including amounts required under paragraph 6 of the Shadywood Investor Agreement to fund the construction costs in excess over the construction loan and equity loan.   However, by action and agreement of the parties, the precepts of this agreement were modified.   As a result of the parties'

agreed modifications, Defendant denies the allegations contained in paragraph 79 of the Complaint. For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

80.     Defendant admits the allegations contained in paragraph 80 of the Complaint that when the Shadywood Project closed, there were insufficient Net Proceeds to pay the amounts due under paragraph 8 of the Investor Agreement as originally intended and agreed upon by the parties. However, by action and agreement of the parties, the precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 80 of the Complaint. For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

81.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 81 of the Complaint; therefore, for pleading purposes, they are denied.

82.     Defendant admits the allegations contained in paragraph 82 of the Complaint that when the Shadywood Project closed, the $50,000 guaranteed under the Investor Agreement as originally intended and agreed upon by the parties was not paid. However, by action and agreement of the parties, the precepts of the Investor Agreement were modified. As a result of the parties' agreed modifications, Defendant denies the allegations contained in paragraph 82 of the Complaint. For further answer, Defendant responds that neither Foster nor Shadywood made any written demand for payment by CD Homes prior to the instant Complaint.

83.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 83 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     Paragraph 86 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 86, Defendant denies same.

87.     Paragraph 87 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 87, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 87 of the Complaint.

88.     Paragraph 88 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 88, Defendant denies same.

89.     Defendant denies the allegations contained in paragraph 89 of the Complaint as worded.   For further answer, Defendant admits that Robert Parker, as Foster's and Plaintiffs' agent, and following Foster's instructions, arranged loans for Foster and Plaintiffs.   Some of the proceeds of the loans were used to pay Plaintiffs' and Foster's obligation to Anna Williams, among other creditors.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.     Paragraph 92 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 92, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 92 of the Complaint.

93.     Paragraph 93 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 93, Defendant denies same.

94.     Defendant denies the allegations contained in paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.     Paragraph 97 does not contain any factual allegations; therefore, no response is required.  To the extent factual allegations are contained in paragraph 97, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 97 of the Complaint.

98.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 98 of the Complaint.   Therefore, for pleading purposes, those allegations are denied.

99.     Paragraph 99 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 99, Defendant denies same.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint as worded.  For further answer, Defendant admits that Robert Parker, as Foster's and Plaintiffs' agent, and following Foster's instructions, arranged loans for Foster and Plaintiffs.   Some of the proceeds of the loans were used to pay Plaintiffs' and Foster's obligation to Anna Williams, among other creditors.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Paragraph 103 does not contain any factual allegations; therefore, no response is required.  To the extent factual allegations are contained in paragraph 103, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 103 of the Complaint.

104.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 104 of the Complaint.   Therefore, for pleading purposes, those allegations are denied.

105.    Paragraph 105 does not contain any factual allegations; therefore, no response is

required. To the extent factual allegations are contained in paragraph 105, Defendant denies same.

106. Defendant denies the allegations contained in paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint.

109. Paragraph 109 does not contain any factual allegations; therefore, no response is required. To the extent factual allegations are contained in paragraph 109, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 109 of the Complaint.

110. Paragraph 110 does not contain any factual allegations; therefore, no response is required. To the extent factual allegations are contained in paragraph 110, Defendant denies same.

111. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 111 of the Complaint. Therefore, for pleading purposes, those allegations are denied.

112. Defendant denies the allegations contained in paragraph 112 of the Complaint.

113. Paragraph 113 does not contain any factual allegations; therefore, no response is required. To the extent factual allegations are contained in paragraph 113, Defendant adopts its prior responses to the respective paragraphs referenced in paragraph 113 of the Complaint.

114. Paragraph 114 does not contain any factual allegations; therefore, no response is required. To the extent factual allegations are contained in paragraph 114, Defendant denies same.

115. Paragraph 115 does not contain any factual allegations; therefore, no response is required. To the extent factual allegations are contained in paragraph 115, Defendant denies

same.

116.    Paragraph 116 does not contain any factual allegations; therefore, no response is required.   To the extent factual allegations are contained in paragraph 116, Defendant denies same.

117.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 117 of the Complaint.   Therefore, for pleading purposes, those allegations are denied.

118.    Defendant admits the allegations contained in paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in paragraph 119 of the Complaint.

120.    Defendant denies the allegations contained in paragraph 120 of the Complaint.

121.    Defendant denies the allegations contained in paragraph 121 of the Complaint.

122.    Defendant denies the allegations contained in paragraph 122 of the Complaint.

123.    Defendant denies the allegations contained in paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in paragraph 124 of the Complaint.

## AFFIRMATIVE DEFENSES

125.    The Plaintiffs' claims against Defendant fail because Plaintiffs waived the claims.

126.    The Plaintiffs' claims against Defendant fail because Plaintiffs ratified CD Homes' alleged conduct.

127.    The Plaintiffs' claims against Defendant are barred by estoppel.

128.    The Plaintiffs' claims against Defendant fail because the parties modified the agreements upon which Plaintiffs base their claims.

129.    Defendant further contends that any recovery by Plaintiffs against CD Homes must be offset by the amount of damages arising from construction delay caused by Plaintiffs.

130.     The Plaintiffs' claims are barred by the applicable statute of limitations and repose, and the statutory provisions extinguishing the causes of action.

131.     The Plaintiffs' claims regarding Defendant's member distributions fail because the challenged transfers were made in good faith, in the ordinary course of business, and for reasonably equivalent value.

## ATTORNEY'S FEES

132.     Defendant seeks its attorney's fees as are equitable and just.   TEX. BUS. & COM. CODE SEC. 24.013.

Wherefore, Defendant prays that Plaintiffs take nothing on their claims and that Defendant recover its costs of court and such other and further relief to which it may be entitled.

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY:       _/s/ Richard L. Fuqua_____
Richard L. Fuqua
State Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277   Telephone
(713) 960-1064   Facsimile
rlfuqua@fuqualegal.com
COUNSEL FOR HL BUILDERS, LLC
f/k/a CD Homes, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Amended Complaint was forwarded by ECF and/or regular United States mail, postage prepaid, on September 2nd, 2020 to the parties listed below.

Charles M. Rubio
Parkins Lee & Rubio LLP
700 Milam Street, Suite 1300

Houston, Texas 77002
crubio@parkinslee.com

Steve Loden
Brian Hogue
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010
sloden@diamondmccarthy.com
Brian.hogue@diamondmccarthy.com

John McFarland
Joyce + McFarland LLP
712 Main Street, Suite 1500
Houston, Texas 77002
jmcfarland@jmlawyers.com

/s/ Richard L. Fuqua
Richard L. Fuqua