IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| _____ | § | Jointly Administered |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

### ANNA WILLIAMS'S RESPONSE TO THE MOTION TO JOIN
### SPIRIT OF TEXAS BANK SSB

TO THE HONORABLE JEFFREY NORMAN, U.S. BANKRUPTCY JUDGE:

Defendant Anna Williams responds to the Motion to Join Party filed by HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (together with HouTex and Looscan, the Debtors or Debtor Plaintiffs), and Spirit of Texas Bank SSB (SOTB). Doc. 50. Because the Court lacks subject matter jurisdiction over the claims, it should not reach the motion but instead dismiss the action without prejudice.

1

## RESPONSE

1. On March 16, 2021, the Court entered its Order Granting Motion for Authority to Compromise Disputes Among the Debtors, Charles Foster, and Spirit of Texas Bank SSB (SOTB) Under Bankruptcy Rule 9019. Case 18-34658, Doc. 709. That order, attached as Exhibit A, assigned "[a]ll claims of the Debtors and Charles Foster against . . .CD Homes [and] Anna Williams . . . to [Spirit of Texas] Bank [ssb]." *Id.* at 2. Accordingly, on March 16, the Debtor Plaintiffs[1] in this adversary action no longer held a justiciable interest in the claims asserted. *See Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 285 (2008) (assignee is the proper party, with standing, to bring claim). "[A]n assignee with legal title is considered to be a real party in interest . . . [and] where assignment is at issue, courts . . . have always permitted the party with legal title **alone** to bring suit . . ." *Id.* at 284–85 (citing 6A Wright & Miller § 1545) (emphasis supplied). Absent a justiciable interest in the claim asserted, the Debtor Plaintiffs lack standing. *In re Caesars Entm't Operating Co.*, 588 B.R. 32, 39 (Bankr. N.D. Ill. 2018) ("Although a claim may be within the court's subject-matter jurisdiction, the claim is not justiciable if the 'litigant advancing it is not properly situated to be entitled to its judicial administration.'" (quoting 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3531)).

---

[1] Houtex Builders, LLC (Houtex), 2203 Looscan Lane, LLC (Looscan), and 415 Shadywood, LLC (Shadywood) are collectively referred to as Debtors or Debtor Plaintiffs.

2. Standing is central to this Court's subject-matter jurisdiction over the claims asserted. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "This is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If the Court determines that it lacks subject-matter jurisdiction, it is obliged to dismiss the case. FED. R. CIV. PROC. 12(h)(3). Dismissal for lack of subject-matter jurisdiction is not a resolution on the merits and should be granted without prejudice. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

3. As the plaintiffs, Debtor Plaintiffs "constantly bear[] the burden of proof that jurisdiction does in fact exist." *Id.* In its March 16 order, the Court assigned Debtors' claims, so Debtor Plaintiffs no longer hold any justiciable interest in the claims asserted. SOTB and the Debtor Plaintiffs concede "the bank is the real party in interest in the Adversary Proceeding with respect to the relief requested in this Adversary Proceeding. Motion at ¶ 9. And any back-end, true-up deal worked out between the Debtors and SOTB cannot circumvent the plain language of the Court's order, which fully assigns the Debtor Plaintiffs' claims to SOTB. Accordingly, Debtors do not have standing, and the Court lacks subject-matter jurisdiction. To the extent SOTB and the Debtor Plaintiffs argue Rules 25(c) or 17(a)(3) permit the Court to enter an order without jurisdiction, these procedural rules cannot supercede the constitutional Article III requirement of subject-matter jurisdiction. *Lujan*, 504 U.S. at 560 (describing constitutional gravamen of standing).

4. The Court lacks subject-matter jurisdiction over the claims even as stated by the Debtor Plaintiffs because they lack standing to bring the avoidance claims. Their Amended Complaint obscures the fact that the transfers the Debtor Plaintiffs seek to avoid are the transfers THEY made to CD Homes, LLC with funds from the lending entities. The Debtor Plaintiffs are the transferors, not the creditors, as to those transfers. The parties with standing to bring those avoidance claims are the lending entities themselves, not the Debtor Plaintiffs who made the challenged transfers.

5. Where the Court lacks subject-matter jurisdiction, the only recourse is dismissal without prejudice; the Court may not enter judgment or even enter orders short of final judgment. *See Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 296 (5th Cir. 2015). Accordingly, the Court must dismiss Debtors' claims before reaching the Joint Emergency Motion of the Debtors and Spirit of Texas Bank SSB for Joinder of Spirit of Texas Bank SSB as a Named Party Plaintiff in Adversary Proceeding and Related Relief (Doc. 50). Because dismissal without prejudice is proper, Spirit of Texas Bank SSB, as the legal title holder to the claims, would then be entitled to pursue those claims in a Court which has jurisdiction.

Respectfully submitted,

    */s/ John H. McFarland*
John H. McFarland
Texas State Bar No. 00794270
Federal ID No. 19423
jmcfarland@jmlawyers.com
JOYCE + MCFARLAND LLP

712 Main Street, Suite 1500
Houston, Texas 77002
Tel 713.222.1114 | Fax 713.513.5577

ATTORNEYS FOR DEFENDANT
ANNA WILLIAMS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was forwarded by ECF on April 8, 2021 to the parties listed below.

Charles M. Rubio | crubio@parkinslee.com
Parkins Lee & Rubio LLP
50 Main St. Suite 1000
White Plains, NY 10606
Tel 212.763.3331
Cell 646.419.0181
Fax 212.763.3399

Brian Hogue | Brian.hogue@diamondmccarthy.com
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 3700
Houston, TX 77010

Richard L. Fuqua | rlfuqua@fuqualegal.com
Fuqua & Associates, P.C.
8558 Katy Freeway, Suite 119
Houston, Texas 77024
Tel 713.960.0277 | Fax 713.960.1064

_/s/ John H. McFarland_
John H. McFarland
