IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| DEBTOR | § | |
| _____ | § | Jointly Administered |
| | § | |
| HOUTEX BUILDERS, LLC, 2203 | § | |
| LOOSCAN, LLC, AND | § | |
| 415 SHADYWOOD, LLC, | § | Adversary No. 20-03237 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| HL BUILDERS, LLC f/k/a/ | § | |
| CD HOMES, LLC AND | § | |
| ANNA WILLIAMS, | § | |
| | § | |
| Defendants | § | |

HL BUILDERS, LLC f/k/a CD HOMES, LLC'S RESPONSE
TO JOINT EMERGENCY MOTION OF DEBTORS AND SPIRIT OF TEXAS BANK SSB
FOR JOINDER OF SPIRIT OF TEXAS BANK SSB AS A NAMED PARTY PLAINTIFF
IN ADVERSARY PROCEEDING AND RELATED RELIEF

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY
JUDGE:

Defendant HL Builders, LLC f/k/a CD Homes, LLC files this response to the Joint Emergency Motion of Debtors and Spirit of Texas Bank SSB for Joinder of Spirit of Texas Bank SSB as a Named Party Plaintiff in Adversary Proceeding and Related Relief [ECF 50]

(the "Debtors' Emergency Motion"), adopting the arguments contained in Defendant Anna Williams' Response to Debtors' Emergency Motion filed of even date herewith [ECF 56]. Because the Court lacks subject-matter jurisdiction over the claims, it should not reach the Debtors' Emergency Motion, but instead dismiss the action without prejudice.

## MOTION TO DISMISS

1. Debtors filed their Joint Emergency Motion for Authority to Compromise Disputes Among the Debtors, Charles Foster and Spirit of Texas Bank SSB Under Bankruptcy Rule 9019 in the main case [ECF 696] (the "Settlement Motion"). On March 16, 2021, the Court entered its Order Granting the Settlement Motion [ECF 709]. That order, attached as **Exhibit A**, assigned "[a]ll claims of the Debtors and Charles Foster against ... CD Homes [and] Anna Williams ... to [Spirit of Texas] Bank [ssb]." *Id.* at 2. Accordingly, on March 16, the Debtor Plaintiffs[1] in this adversary action no longer held a justiciable interest in the claims asserted. *See Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 285 (2008) (assignee is the proper party, with standing, to bring claim). "[A]n assignee with legal title is considered to be a real party in interest ... [and] where assignment is at issue, courts ... have always permitted the party with legal title **alone** to bring suit ..." *Id.* at 284–85 (citing 6A Wright & Miller § 1545) (emphasis supplied). Absent a justiciable interest in the claims asserted, the Debtor Plaintiffs lack standing. *In re Caesars Entm't Operating Co.*, 588 B.R. 32, 39 (Bankr. N.D. Ill. 2018) ("Although a claim

---

[1] Houtex Builders, LLC (Houtex), 2203 Looscan Lane, LLC (Looscan), and 415 Shadywood, LLC (Shadywood) are collectively referred to as Debtors or Debtor Plaintiffs.

may be within the court's subject-matter jurisdiction, the claim is not justiciable if the 'litigant advancing it is not properly situated to be entitled to its judicial administration.'" (quoting 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3531)).

2. Standing is central to this Court's subject-matter jurisdiction over the claims asserted. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "This is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If the Court determines that it lacks subject-matter jurisdiction, it is obliged to dismiss the case. FED. R. CIV. P. 12(h)(3). Dismissal for lack of subject-matter jurisdiction is not a resolution on the merits and should be granted without prejudice. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

3. As the plaintiffs, Debtor Plaintiffs "constantly bear[] the burden of proof that jurisdiction does in fact exist." *Id.* In its March 16 order, the Court assigned Debtors' claims **in their entirety**, so Debtor Plaintiffs no longer hold any justiciable interest in the claims asserted. As SOTB and the Debtor Plaintiffs have judicially admitted, "the bank is the real party in interest in the Adversary Proceeding with respect to the relief requested in this Adversary Proceeding." Settlement Motion at ¶ 9. And any back-end, true-up deal worked out between the Debtors and SOTB cannot circumvent the plain language of the Court's order, which fully assigns the Debtor Plaintiffs' claims to SOTB. Accordingly, Debtor Plaintiffs do not have standing, and the Court lacks subject-matter jurisdiction. To

the extent SOTB and the Debtor Plaintiffs argue Rules 25(c) or 17(a)(3) permit the Court to enter an order without jurisdiction, these procedural rules cannot supercede the constitutional Article III requirement of subject-matter jurisdiction. *Lujan*, 504 U.S. at 560 (describing constitutional gravamen of standing).

4.  The Court lacks subject-matter jurisdiction over the claims even as stated by the Debtor Plaintiffs because they lack standing to bring the avoidance claims. Their Amended Complaint obscures the fact that the transfers the Debtor Plaintiffs seek to avoid are the transfers THEY made to CD Homes, LLC. The Debtor Plaintiffs are the transferors, not the creditors, as to those transfers. The parties with standing to bring those avoidance claims are the lending parties themselves, not the Debtor Plaintiffs who made the challenged transfers.

5.  Where the Court lacks subject-matter jurisdiction, the only recourse is dismissal without prejudice; the Court may not enter judgment or even enter orders short of final judgment. *See Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 296 (5th Cir. 2015). Accordingly, the Court must dismiss Debtor Plaintiffs' claims before reaching the Joint Emergency Motion of the Debtors and Spirit of Texas Bank SSB for Joinder of Spirit of Texas Bank SSB as a Named Party Plaintiff in Adversary Proceeding and Related Relief [ECF 50]. Because dismissal without prejudice is proper, Spirit of Texas Bank SSB, as the legal title holder to the claims, would then be entitled to pursue those claims in a Court which has jurisdiction.

Respectfully submitted,

*/s/ Richard L. Fuqua*
Richard L. Fuqua
Texas State Bar No. 07552300
Federal ID No. 4546
rlfuqua@fuqualegal.com
FUQUA & ASSOCIATES, P.C.
8558 Katy Fwy, Suite 119
Houston, Texas 77024
Tel 713.960-0277
Fax 713.960-1064

ATTORNEYS FOR DEFENDANT
HL BUILDERS, LLC f/k/a CD HOMES, LLC

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I certify that on April 8, 2021, a true and correct copy of the above and foregoing Response was served by ECF notification on all parties registered to receive notice in the above captioned case and on the following parties by email as follows:

Charles M. Rubio
Parkins Lee & Rubio LLP
50 Main St. Suite 1000
White Plains, NY 10606
Tel 212-763-3331
Cell 646-419-0181
Fax 212-763-3399
crubio@parkinslee.com

John McFarland
Joyce McFarland, LLP
712 Main Street, Suite 1500
Houston, Texas 77002
Tel 713-222-1114
Fax 713-513-5577
jmcfarland@jmlawyers.com

*/s/ Richard L. Fuqua*
Richard L. Fuqua

5